EDWARD AXFORD, Surviving Member of the Copartnership Consisting of W. B. Otto and Edward Axford, Doing Business Under the Firm Name and Style of W. B. Otto & Company, Appellant, v. A. D. GAINES, Respondent.

(195 N. W. 555.)

**Venue — where during trial it first appears that aggrieved party induced to stipulate for change by misrepresentations, discretionary whether to send back case to county of origin.**

1. Where during the course of the trial it first appears that counsel for the aggrieved party was induced to stipulate a change of place of trial by the alleged misrepresentations of the other party, it is at most discretionary with the trial court as to whether the cause should on motion be sent back to the county of its origin.

**Trial — error cannot be predicated on limited portion of instruction.**

2. A party may not single out a limited portion of an instruction and predicate error thereon regardless of the effect of other portions of the instruction in limiting or modifying the portion complained of. If the whole instruction taken together states the law correctly, there is no error.

---

Note.—(2) Construction of instructions as a whole, see 14 R. C. L. 819; 3 R. C. L. Supp. 298; 4 R. C. L. Supp. 922; 5 R. C. L. 781.

(3) Conclusiveness of testimony of experts, see note in 42 L.R.A. pp. 755, 764; 11 R. C. L. 586; 2 R. C. L. Supp. 1277; 4 R. C. L. Supp. 712; 5 R. C. L. Supp. 610.

(4) Construction of provision for return in the event of rescission for breach of warranty, see note in 32 L.R.A.(N.S.) 212; 24 R. C. L. 252.

Evidence — expert testimony may not be arbitrarily rejected and must be considered in view of circumstances developed on trial and common knowledge and experience.

3. The testimony of an expert witness may not be arbitrarily rejected or disregarded, but like the testimony of every other witness, it is to be considered by the jurors who are to accord to it influence, much or little, according as it appeals to their intelligent and impartial minds, in view of all the facts and circumstances developed upon the trial and the common knowledge and experience of mankind.

Sales — refusal of seller to receive property back after alleged breach of warranty held waiver of provision requiring return of property at designated place.

4. Though a contract of warranty of personal property provides that in order to rescind on account of a breach thereof the buyer must return the property to the seller at a designated place, if after such breach and notice thereof the seller expressly states that he will not receive the property back, he will be held to have waived such provision.

Opinion filed October 26, 1923.   Rehearing denied November 10, 1923.

Evidence, 22 C. J. §§ 823 p. 728 n. 73, p. 729 n. 77; 824 p. 734 n. 8; 825 p. 736 n. 40.   Sales, 35 Cyc. pp. 150 n. 31; 566 n. 85; 573 n. 75.   Trial, 38 Cyc. p. 1779 n. 76.   Venue, 40 Cyc. p. 178 n. 5.

From a judgment of the District Court of Oliver County, *Berry, J.,* plaintiff appeals.

Affirmed.

*L. H. Connolly,* for appellant.

*J. A. Hyland* for respondent.

NUESSLE, J.   Action on a promissory note.   Verdict for the defendant.   From an order denying the plaintiff's motion for judgment notwithstanding the verdict or for a new trial and from the judgment entered on the verdict, the plaintiff appeals.

The plaintiff was engaged in the business of selling stallions.   He negotiated a sale to a number of Oliver county farmers.   The defendant was one of these purchasers.   He gave his notes for $240 as a part of the purchase price of the horse so bought.   The plaintiff sold the horse under the terms of a written warranty, in part as follows: "It is mutually agreed that W. B. Otto & Company (the plaintiff) do

not guarantee said stallion strictly sound, but do guarantee him to be serviceably sound as a serving stallion, and agree that if said horse should not prove himself an average foal-getter . . . that the purchaser may return him to Charlotte, Michigan, and there receive another horse of equal value . . . ." The horse was delivered to the purchasers. The import of the defendant's testimony is that at the time of the purchase and thereafter the horse was suffering from a contagious disease and was not serviceably sound; that he was not an average foal-getter and that in fact no colts were begotten; that upon discovery of these facts the purchasers so advised the plaintiff and offered to return the horse, demanding either that the notes be returned to them or that the plaintiff furnish another horse; that the plaintiff refused to accept the return and refused to return the notes given for him or to furnish another horse. Thereupon the defendant and the other purchasers notified the plaintiff that they would hold the horse for the plaintiff at the plaintiff's expense. Subsequently, the horse died. This action is brought by the plaintiff to recover on the notes given by the defendant. The defendant answered, admitted the execution and delivery of the notes, set up the warranty and the breach thereof, and alleged that by reason thereof the consideration failed. The case was tried to a jury. A verdict was returned for the defendant. The plaintiff moved for judgment notwithstanding the verdict or for a new trial. The motion was denied. Judgment was entered in favor of the defendant. From this judgment and from the order denying the motion for judgment notwithstanding the verdict or for a new trial, the plaintiff appeals.

On this appeal the plaintiff and appellant challenges the sufficiency of the evidence to sustain the verdict as returned and on which the judgment was entered, contending that it fails to establish a breach of the contract of warranty in question and a compliance with the terms thereof on the part of the defendant. The appellant further complains of prejudicial error on account of erroneous instructions, and also by reason of the action of the trial court in denying the plaintiff's motion made during the course of the trial to remand the case from the county of Oliver, where it was then being tried, to the county of Morton, where the case was originally begun.

The plaintiff was a nonresident of the state of North Dakota. The

action was begun in the county of Morton. The defendant made his affidavit reciting that he was not a resident of Morton county but was a resident of Oliver county, and demanded a change of place of trial to the latter county, under the provisions of § 7418, Comp. Laws, 1913. Thereafter and by reason of such affidavit and demand the case was stipulated to Oliver county where the trial was had. During the course of the examination of the defendant on the trial it was elicited that, while he farmed land in Oliver county and had lived there the greater part of the time for many years, he claimed his legal residence in the state of Minnesota. Thereupon counsel for the plaintiff moved to have the case transferred back to the county of Morton. This motion was denied by the court. Appellant assigns this as error. The case had been taken to Oliver county by stipulation. The stipulation on the part of the plaintiff may have been induced by reason of the defendant's affidavit, but there is no showing other than by mere inference that the plaintiff was prejudiced. There is no question but that the court had jurisdiction to try the case in Oliver county. It appears to us that it was at most discretionary with the trial court as to whether it should be transferred back to the county of its origin. On the record as made, we do not believe that there was any such abuse of discretion as will at this time warrant us in disturbing the action of the trial court.

The appellant complains of the instruction of the trial court as given to the jury touching the question of warranty. The particular instruction complained of reads as follows: "Now if you find from the evidence . . . that this stallion so sold and delivered, on the date of such sale and delivery was not serviceably sound or that he was not an average foal-getter, that would be a breach of the contract of warranty. In that case the defendant, Mr. Gaines, would have the right to do one of two things—he would have the right to rescind the contract and recover his money back, or he would have a right to affirm the contract and sue for damages. This case has been tried before you here on this theory, namely, that he has elected to rescind the contract and return the animal and get back his money." The appellant complains that this instruction is incorrect in that it does not advise the jury that the defendant must comply with the terms of the contract as to rescission. He contends that in this case the contract provides that

if the horse should not prove an average foal-getter that the purchasers should return him to Charlotte, Michigan, and that the instruction is silent as to that provision. Standing alone, the instruction is subject to the criticism as made by the plaintiff, but the rule is that the whole instruction must be read together. A party may not single out a limited portion of an instruction and predicate error on that, regardless of the effect of other portions of the instructions given, in limiting or modifying the portion complained of. If the whole instruction taken together advises the jury correctly as to the law that should govern them in the consideration of the matters submitted, there is no error. Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; McBride v. Wallace, 17 N. D. 495, 117 N. W. 857, and cases cited. We think that subsequent portions of the instructions taken in connection with that complained of fairly state the law, and that the jury could not have been misled, viewing the instructions as a whole.

There remains for consideration the question of the sufficiency of the evidence to support the verdict. Plaintiff's contention is that it is insufficient in two respects, in that, first, it does not establish either that the horse was not serviceably sound at the time of his purchase and delivery, or that he was not an average foal-getter; and second, that even though there was a breach of the warranty, the evidence does not establish that the defendant so acted as to make a proper rescission under the law and the terms of the contract.

The evidence discloses a contract of purchase and sale with collateral warranty. The defense is a breach of that warranty and a rescission because thereof. To make this defense the burden was on the defendant to establish both the breach of warranty and a compliance with the terms of the contract and the statute as to rescission. Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924.

Plaintiff contends that, while there may be testimony showing the horse was temporarily diseased, it does not appear that he was in that condition at the time of his delivery, and that, therefore, the plaintiff was not responsible for that condition. The plaintiff further contends that if the horse was suffering from any disease at the time of his delivery or thereafter, that it was a curable disease and temporary only in its nature and effect; that the various expert witnesses

who testified all gave testimony to that purport. This last is un-deniably true, but numerous witnesses for the defendant testified as to the condition of the horse, as to his appearance and as to the results that followed from his use. These witnesses for the defendant were all farmers experienced in the care and use of horses. It further appears that the state authorities forbade his use, and that the veterinarians were unable to say as to what disease he was suffering from until after a blood test had been made at Washington. But that he suffered from some equine ailment is unquestioned. Furthermore, the horse died shortly thereafter, though the record does not disclose from what cause. The jury was composed of members from a farming community. We are not prepared to say under the circumstances, even though the veterinary experts without exception testified that the horse, if he was diseased, was suffering only from a disease temporary in its nature and one from which he would make a prompt recovery, that the jury was precluded, after a consideration of all the evidence, from returning a verdict contrary to such testimony. After all, experts are but witnesses. Their judgments, even though unanimous, are not necessarily conclusive on the court or jury. 22 C. J. pp. 728–738, and cases cited; 11 R. C. L. p. 586 and cases cited. In this particular case some of the veterinary experts testified to the facts on which they based their conclusions, while others of the experts based their conclusions upon facts established by other witnesses. But it must be remembered that numerous witnesses called by the defendant were farmers experienced in the use and care of horses and that they also testified as to the facts regarding the condition and use of the horse. Where experts testified the jury must pass upon their credibility and the weight of their testimony just as in the case of non-expert witnesses. As is well said in Moore v. Chicago, R. I. & P. R. Co. 151 Iowa, 360, 131 N. W. 30: "The jury does not sit simply to register the opinion of an expert witness, even though it be undisputed. It is its own exclusive function to pass upon the fact put in issue. The testimony of the expert may not be arbitrarily rejected, but, like the evidence of every other witness, it is to be considered by the jurors, who are to accord to it influence, much or little, according as it appeals to their intelligent and impartial minds, in view of all the facts and circumstances developed upon the trial and the common knowledge and

experience of mankind." On the record as made we cannot say that the verdict in this respect is not sustained by the evidence.

Nor can we say that the defendant failed to sustain the burden as to the matter of rescission. There is evidence in the record tending to establish that immediately the purchasers became apprised of the facts as to the condition and quality of the horse, and which they contended breached the warranty, they notified the plaintiff thereof and of their contention, and proffered a return of the horse. That the plaintiff then said that he would not accept the horse back and refused to return the purchase price notes or to furnish another horse. Thereafter the purchasers notified the plaintiff that they were keeping the horse for him and at his expense. An issue of fact is raised on the record, and the jury have decided it in the defendant's favor. The purchasers complied with the statute as to rescission. See § 69, chapter 202, Laws 1917 (Uniform Sales Act). The contract requirement that the horse be returned to Charlotte, Michigan, was waived by the plaintiff. Champion Mach. Co. v. Mann, 42 Kan. 372, 22 Pac. 417; Mundt v. Simpkins, 81 Neb. 1, 129 Am. St. Rep. 670, 115 N. W. 325; J. I. Case Threshing Mach. Co. v. Johnson, 140 Wis. 534, 122 N. W. 1037; Jones v. McGinn, 70 Or. 236, 140 Pac. 994.

Judgment affirmed.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., concur.