STATE OF NORTH DAKOTA EX REL. H. K. CRAIG, Appellant, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Joseph A. Kitchen, Chairman of the North Dakota Workmen's Compensation Bureau, S. A. Olsness, S. S. McDonald, G. N. Livdahl and R. E. Wenzel, all Commissioners and Members of the North Dakota Workmen's Compensation Bureau, and Charles J. Haugh, Jr., Secretary of the North Dakota Workmen's Compensation Bureau, Respondents.

(207 N. W. 555.)

**Workmen's Compensation Bureau — certiorari does not lie to review finding of Workmen's Compensation Bureau as to matter of fact, not touching its jurisdiction.**

Certiorari will not lie to review a finding of the Workmen's Compensation Bureau as to a matter of fact within, and not touching, its jurisdiction.

Opinion filed August 4, 1925.   Rehearing denied February 15, 1926.

Certiorari, 11 C. J. § 75 p. 126 n. 62; § 363 p. 202 n. 65; § 364 p. 204 n. 70, 72. Workmen's Compensation Acts, C. J. § 123 p. 120 n. 12.

Appeal from the District Court of Burleigh County, *Jansonius,* J. Affirmed.

*L. J. Wehe,* for appellant.

"The function of the writ of certiorari under the statute is peculiar and sui generis. This court, in agreeing with an interpretation made in South Dakota upon a similar statute, has held that, gathering its meaning and intent from its language, the office of the writ which it authorizes is not confined to a review of judicial or quasi-judicial proceedings, but extends to every case where, in the language and upon the conditions of the statute, inferior courts, officers, boards, or tribunals have exceeded their jurisdiction." State ex rel. Johnson v. Clark, 21 N. D. 517, 528, 131 N. W. 715; State ex rel. Dollard v. Hughes County, 1 S. D. 292, 10 L.R.A. 588, 46 N. W. 1127; State ex rel. Poole v. Peake, 22 N. D. 457, 461, 40 L.R.A.(N.S.) 354, 135 N. W. 197; State ex rel. Poole v. Nuchols, 18 N. D. 233, 238, 20 L.R.A.(N.S.) 413, 119 N. W. 632."

"If the error is manifest and substantial injury has been sustained the writ should be allowed." It is also held that in the following ¶ 85: "The court will exercise a sound discretion in granting a certiorari even though the party has some other remedy." State v. Chitten, 127 Wis. 468, 107 N. W. 500.

"The writ to review the orders and proceedings and decisions of boards or bureaus cannot be limited by statute where it clearly appears that there was no evidence reasonably supporting the order or decision." 11 C. J. 95, ¶ 20; Boland v. Kaveny, 71 N. J. L. 488, 58 Atl. 99; East Orange v. Hussey, 70 N. J. L. 244, 58 Atl. 1086; State v. Jersey City, 42 N. J. L. 118; Green v. Heritage, 64 N. J. L. 567, 46 Atl. 634; Erie R. Co. v. Public Utility Comrs. 85 N. J. L. 420, 89 Atl. 1001.

"The fact that a statutory provision in the Workmen's Compensation Act states that: 'Its decision thereon shall be final,' does not, it is generally held, preclude the writ, even though no constitutional remedy for the writ is provided." 11 C. J. 95, ¶ 21, footnote 30; Allen v. Levee Comrs. 57 Miss. 163; State v. Graham, 60 Wis. 395, 19 N. W. 359.

"No valid provision having been made in the act for such review, it does not follow that none can be had. We have no doubt the circuit courts have jurisdiction to issue the common-law writ for certiorari to review the decisions of the board for the purpose of determining whether it had jurisdiction or whether it had exceeded its powers and acted illegally." Courter v. Simpson Constr. Co. 264 Ill. 488–495, 106 N. E. 350.

*Scott Cameron,* for respondents.

"Under a statute like ours the court may not consider the sufficiency of the evidence or review the findings made by the inferior tribunal except for the sole purpose of determining whether such tribunal has exceeded its jurisdiction." See Comp. Laws 1913, §§ 8445–8453; State ex rel. Mayo v. Thursby-Butte Special School Dist. 45 N. D. 555, 178 N. W. 787. See also 11 C. J. pp. 202, 203.

"The reviewing court has nothing to do with the proceedings before the inferior tribunal, except so far as an examination for such proceedings is necessary for the determination of the question of its jurisdiction. . . . No matter how erroneous the decision may be, even on the face of the record the reviewing court has no power to change, annul,

or reverse it in a proceeding in certiorari. ·4 Cal. Jur. pp. 1106, 1109."

"After all experts are but witnesses. Their judgments, even though unanimous, are not necessarily conclusive on the court or jury." Axford v. Gaines, 195 N. W. 555.

NUESSLE, J.  In October, 1922, the relator, H. K. Craig, was an employee of the North Dakota State Highway Commission. ·On that date, while in the course of his employment, he met with an accident and his left wrist and arm were injured. The North Dakota State Highway Commission had complied with the provisions of the North Dakota Workmen's Compensation Act (Sess. Laws 1919, chap. 162, as amended) and the relator was within the protection of the act and entitled to the benefits thereof. Subsequent to the accident and injury, the relator filed a claim with the Workmen's Compensation Bureau and the claim was allowed and compensation paid in the amount as allowed by the bureau. Thereafter, and in April 1923, the plaintiff filed a supplemental application for compensation. After investigation, the bureau made its final award in September 1923, for compensation for a 25 per cent permanent partial disability of the left hand. The relator was dissatisfied with this final award and filed a motion for a rehearing. The motion was granted, additional evidence was received, further investigation was made, and in November 1923, the bureau found that the relator had suffered a 30 per cent permanent partial disability of the left arm and increased the amount awarded from $1,300 to $1,872. ·In January, 1924, the plaintiff again moved for a rehearing and asked that the amended final award of November 1923, be opened up and further amended, and that the award be increased from compensation for a 30 per cent permanent partial disability of the arm to 80 per cent, based on the loss of use of the whole arm. This last petition for a rehearing was denied by the bureau. Thereupon, the relator began the present proceeding to procure by certiorari a review of the action of the bureau in denying him the relief as claimed.

The relator set out in his application and showing for the writ, the facts as heretofore stated, and alleged that he had suffered a permanent total disability of the left arm; that the record on which the action of the bureau was based established such disability; that under the law

and the schedules of compensation as adopted, he was entitled to an award (in the sum of $4,992) of at least 80 per cent based on the loss of use of the whole arm; that the refusal on the part of the bureau to grant a further rehearing and amend its award was a denial of justice; that he had no plain, speedy or adequate remedy in the ordinary course of law, unless, and except, by the writ of certiorari. Based upon the application and affidavits of the relator, the district court issued its order to show cause, requiring the defendant bureau to show cause be·fore the court why the writ should not issue as prayed. The defendants, on the return day, appeared and moved to quash and vacate the order to show cause upon the grounds: (1) That the matter was within the bureau's exclusive jurisdiction, and that in no event would a writ lie, and (2) that the remedy, if a remedy there was, was under the law by way of appeal. After consideration the court granted the motion, quashed and vacated the order to show cause, and denied the writ. From the order of the district court entered accordingly, the relator perfected the present appeal.

. . Section 17 of the Workmen's Compensation Act provides:

·"The bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such bureau, may, by filing his appeal in the district court for the county wherein the injury was inflicted, be entitled to a trial in the ordinary way . . . . .

"Within thirty (30) days after filing his appeal, the appellant shall file a petition in the ordinary form against such bureau as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure, and the court shall determine the right of the claimant; and if it determines the right in his favor, shall fix his compensation within the limits prescribed in this Act; and any final judgment so obtained shall be paid by the Workmen's Compensation Bureau

out of the workmen's compensation fund in the same manner as awards are paid by such bureau."

This court has lately had occasion to pass upon the question of the finality of the action of the Workmen's Compensation Bureau under the terms of the section quoted above. See Crandall v. North Dakota Workmen's Compensation Bureau, ante, 636, 207 N. W. 551, just decided. In that case we held that the determination of the bureau on any matter of fact within its jurisdiction was final and there was no appeal therefrom. We think that what was said in the Crandall case, supra, is decisive here.

The trial court in entering the order from which the instant appeal was taken, held that the writ should be denied for the reason that to issue it would in effect result in reviewing the action of the bureau on the merits. The relator concedes that no appeal will lie from a decision of the bureau on matters within its jurisdiction, but insists that in the instant case, the evidence is all one way and that the finding of the bureau is wholly contrary to the evidence. That, therefore, under the terms of the Act and the regulations of the bureau, the question to be determined by the bureau with reference to the relator's claim was one purely of law and the bureau was clothed with no discretion in the premises. That under the statute, § 8445, Comp. Laws 1913, as amended, the bureau's decision in such case is subject to review by certiorari. We think, however, that the relator cannot sustain his position in this respect. The vital question decided by the bureau in the instant case was a question of fact within and not touching its jurisdiction and the writ will not lie to review such a decision. See Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16; State ex rel. Wehe v. Frazier, 47 N. D. 314, 182 N. W. 545; State ex rel. Mayo v. Thursby-Butte Special School Dist. 45 N. D. 555, 178 N. W. 787.

The reasoning in the Crandall Case, supra, is exactly applicable in the instant case, though the Crandall Case reached the courts by way of appeal from the action of the bureau. We there said:

"It is true, as the plaintiff contends, that the bureau committed an error in its determination as to the extent of plaintiff's injury, the bureau has the unquestioned power to correct its error (section 18 of the act) as the claim in controversy here was indisputably filed within the time provided by law. Laws 1919, § 15; chap. 162. If the injuries

sustained by the plaintiff were more serious than the Compensation Bu·reau believed them to be at the time of their determination it is not only within the power, but it is the duty of the bureau to take such action as will insure that the plaintiff receives such compensation as he is justly entitled to receive under the provisions of the act. But this power is vested in the Workmen's Compensation Bureau, and not in the courts; and the duty which arises from the power granted rests upon the bureau and must be performed by it. The legislature has deliberately chosen to abolish all the ordinary judicial remedies formerly existing in cases like the one before us, and to substitute therefor a state insurance fund out of which to compensate employees, who, like the plaintiff in this case, have sustained certain injuries in the course of employment. The legislature has further vested, the Workmen's Compensation Bureau with full power to hear and make final determination of all questions of fact relating to claims within its jurisdiction; and it has said that a claimant against the compensation fund shall have the right to appeal from and obtain a judicial review of the decisions of the Compensation Bureau only 'in case the final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right.' Whether these legislative provisions are wise, or unwise, is not for us to determine. The provisions exist. Their validity is not questioned, and their meaning is, we think, too clear for doubt. It is the duty of the courts to give effect to the intention of the lawmakers as expressed in the law."

So in the instant case the bureau investigated the relator's claim. The members of the bureau considered such evidence as was produced before them. They saw the claimant himself. They found that he was injured and entitled to compensation for the injury suffered. They determined what that injury was,—its character and extent. Their finding on these matters was a finding of fact which was based on their investigation of the facts. The bureau has wide inquisitorial powers. It is not restricted by any set or formal rules in the conduct of its investigations. The act § 4, ¶ E, expressly provides, "The bureau may make rules not inconsistent with this act for carrying out the provisions

of this act. Process and procedure under this act shall be as summary and simple as reasonably may be. The bureau shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act." The relator contends, however, that here the evidence is all one way. That the testimony of the experts (physicians), as to the character and extent of relator's injury stands uncontradicted. This court has held that expert testimony though uncontradicted is not necessarily conclusive on the court or jury. See Axford v. Gaines, 50 N. D. 341, 195 N. W. 555. We know of no good reason, or any reason, why this rule should not apply to expert testimony adduced before the bureau. Rather, it seems to us it is the more applicable in such case, because from the very nature of its function, the bureau, a continuing body, must necessarily investigate great numbers of personal injury cases of every conceivable character. Its members cannot become otherwise than more or less expert themselves in matters relating to personal injuries. The bureau was the judge of the weight of the evidence and the credibility of the witnesses who testified before it. The statute contemplates no review of its determination as to the facts. On the contrary, it jealously guards against such a review by the courts. We think that the legislature acted wholly within its powers when it thus provided. See Baker v. Lenhart, supra; State ex rel. Wehe v. Frazier, 47 N. D. 314, 182 N. W. 545; Borgnis v. Falk Co. 147 Wis. 327, 37 L.R.A.(N.S.) 489, 133 N. W. 209, 3 N. C. C. A. 649; Courter v. Simpson Constr. Co. 264 Ill. 488, 106 N. E. 350, 6 N. C. C. A. 548; Young v. Duncan, 218 Mass. 346, 106 N. E. 1. In the instant case there is no question as to the jurisdiction of the bureau to act. The matter investigated and determined was one of fact wholly within its jurisdiction. The relator cannot do by indirection that which the statute says he may not do directly. He cannot obtain by certiorari what is denied him by appeal and thus circumvent the legislative prohibition. The district court rightfully denied the writ. The order appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and BURKE, JJ., concur.

On rehearing.

NUESSLE, J. On application of the relator, a rehearing in this case was ordered, and it was fully reargued on both sides. We have again carefully considered all of the contentions advanced by the relator. Such further consideration has but strengthened our adherence to the views expressed in the opinion heretofore filed.

The order appealed from must be affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and BURKE, JJ., concur.