**Ethel SHEETS, Plaintiff and Respondent,**

v.

**Audrey PENDERGRAST and Joe Pendergrast, Defendants and Appellants.**

**Omer SHEETS, Plaintiff and Respondent,**

v.

**Audrey PENDERGRAST and Joe Pendergrast, Defendants and Appellants.**

**No. 7908.**

Supreme Court of North Dakota.

Nov. 16, 1960.

Conmy, Donahue & Conmy, Bismarck, for defendants and appellants.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and John A. Amundson, Bowman, for plaintiffs and respondents.

STRUTZ, Judge.

This appeal involves two actions, one commenced by Ethel Sheets for personal injuries she received while riding as a guest in an automobile driven by the defendant Audrey Pendergrast, which automobile is alleged to have been owned and maintained by the defendant Joe Pendergrast as a family car, and the other commenced by Omer Sheets, the father of Ethel Sheets, and brought for hospital, medical, surgical, and other expenses paid by the plaintiff as father of Ethel Sheets who at the time of the accident was a minor but who reached her majority before the trial of these actions.

The two actions were consolidated for purposes of trial, and judgment was recovered by the plaintiff in each action.

After judgment, the defendants moved for judgment notwithstanding the verdict in each case, which motion was denied. Separate appeals were taken, but the cases were again consolidated for the purposes of the brief and argument in this court.

The appeals in each case are from the judgment and from the order denying motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. In the argument in this court, however, counsel for the defendants stated that the defendants were abandoning their appeals from the order denying motion for a new trial and that the appeals were limited to appeals from the judgments and from the orders denying motion for judgment notwithstanding the verdict.

The record discloses that the accident in which Ethel Sheets was injured occurred on a gradual curve on U. S. Highway No. 85, just north of the city of Bowman. The plaintiff Ethel Sheets was riding in the automobile operated by the defendant Audrey Pendergrast, which automobile, as hereinbefore stated, was owned by the defendant Joe Pendergrast and was alleged to be a family car. The record further shows that prior to leaving Bowman, the defendant Audrey Pendergrast had stopped at the postoffice and had picked up some mail, including a letter from a college which she was hoping to enter later in the fall.

There is also testimony on behalf of the plaintiff that, as the plaintiff Ethel Sheets and the defendant Audrey Pendergrast left the city, accompanied by three other girls who were riding in the rear seat, all of the girls were discussing the contents of that letter. It was being read by the girl sitting in the center of the rear seat. Just prior to the accident, as the car was rounding a gradual curve in the highway, the defendant driver turned to look into the back seat as if to say something to the girl reading the letter. While she was so turned, the car went off the paved portion of the road and, in attempting to get it back on the road, she pulled it to the left, across the road, and it rolled over on the left side of the highway. There is also testimony in the record that after the accident the investigating officer found that the car had a flat front tire and that the car was equipped with tubeless tires, which will deflate immediately if torn, even partially, from the rim.

As a result of the accident the plaintiff Ethel Sheets received severe injuries of the spine, resulting in paralysis of her lower extremities which had only partially healed at the time of the trial of these cases.

The jury returned verdicts for $53,000 for the plaintiff Ethel Sheets and $7,092.45 for the plaintiff Omer Sheets.

From the facts established by the record, the plaintiff Ethel Sheets was a guest of the defendant Audrey Pendergrast within the meaning of Chapter 39–15 of the North Dakota Revised Code of 1943. Therefore, she cannot recover for any injuries she may have suffered unless such injuries were proximately caused and were the result of the intoxication, willful misconduct, or gross negligence of the defendant driver. There is no evidence of any intoxication or of any willful misconduct in the record, and defendants contend that, as a matter of law, the evidence was insufficient to establish gross negligence on the part of the defendant Audrey Pendergrast, the driver of the vehicle.

Defendants' counsel points out that the defendant Audrey Pendergrast was, at the time of the accident, seventeen years of age, and that her conduct must be judged by the conduct of high school girls of the same age, under similar circumstances. The defendants argue that the girls were high school youngsters on a pleasure trip to a football game, and that therefore the standard of conduct of an ordinarily prudent adult person would not apply to the defendant driver. The defendants strenuously contend that, judging the facts in this light, the defendant was not guilty of gross negligence as a matter of law.

Defendants contend that the defendant driver acted on sudden impulse, and that therefore her actions are not to be judged by the same standard as if she had acted deliberately, citing several cases. Included in the cases cited by the defendants is Rindge v. Holbrook, 111 Conn. 72, 149 A. 231, where a verdict for the plaintiff was set aside in an action by a guest against the driver where the evidence showed that the accident was due to the fact that defendant took her eyes from the road when distracted by a bee which had alighted on her wrist. In Black v. Neill, 134 Neb. 764, 279 N.W. 471, also cited by defendants, the court held that plaintiff had not proved gross negligence where the evidence showed that the defendant, while driving thirty-five miles an hour on a city street, turned his head to the left to point out a tree which had fallen upon a porch. In so doing, he forgot to stop at a stop sign and, upon realizing this, suddenly applied his brakes, throwing plaintiff through the windshield.

■ The standard of conduct required of an individual is that of the supposed conduct, under similar circumstances, of a hypothetical person, the reasonable man of ordinary prudence who represents a community ideal of reasonable behavior of persons of the same age, intelligence, and experience. Prosser on Torts, 2d Ed., p. 124.

It is true that the defendant Audrey Pendergrast was not yet eighteen years of age at the time of the accident. While the record does not disclose her exact age, we know that she was not far from eighteen since the record does disclose that she had reached her nineteenth birthday by January 1960, at the time of the trial of these cases. So she did become eighteen by January 1959, just four months after the accident occurred.

The first question for us to determine is whether, as a matter of law, the evidence is insufficient to create a jury question on the existence of gross negligence on the part of a high school graduate seventeen years of age. The record discloses that she had been driving since she was twelve years old, and thus she had considerable experience in operating a motor vehicle.

The trial court in its instructions carefully advised the jury of the status of a minor. The court pointed out:

"A minor is not held to the same standard of conduct as an adult, and is only required to exercise that degree of care which ordinarily is exercised by minors of like age, mental capacity

and experience. * * * It is for you to determine the mental capacity and experience of the defendant, Audrey Pendergrast, whether her conduct was or was not such as might reasonably have been expected from a minor of like age, capacity and experience, under the same or similar circumstances."

■ Thus we believe the court clearly instructed the jury that the conduct of the defendant Audrey Pendergrast was to be judged, not by the standards of conduct of an ordinarily reasonable adult person, but by the standard of conduct of an ordinary minor of like age, capacity, and experience.

Judged by these standards, is the evidence in this case insufficient to establish gross negligence on the part of the defendant Audrey Pendergrast?

■ This court repeatedly has said that gross negligence is, to all intents and purposes, no care at all. It is the omission of such care which even the most inattentive and thoughtless persons seldom fail to take of their own affairs, and it is such conduct as evidences a reckless temperament. It is such a lack of care that it is practically willful in its nature. Norgart v. Hoselton, 77 N.D. 1, 39 N.W.2d 427; Rettler v. Ebreck, N.D., 71 N.W.2d 759; Farmers' Mercantile Company v. Northern Pacific Railway Company, 27 N.D. 302, 146 N.W. 550.

■ Inadvertence is not gross negligence. Norgart v. Hoselton, supra.

■ This court has held that, where facts and circumstances relating to the alleged negligence are such that reasonable men can draw only one inference therefrom, the question becomes a matter of law. Armstrong v. McDonald, 72 N.D. 28, 4 N.W.2d 191; Leonard v. North Dakota Co-op. Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576; Wilson v. Oscar H. Kjorlie Co., 73 N.D. 134, 12 N.W.2d 526; Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11; Huus v. Ringo, 76 N.D. 763, 39 N.W.2d 505; Geier v. Tjaden, N.D., 74 N.W.2d 361; Olson v. Cass County Electric Co-op., Inc., N.D., 94 N.W.2d 506.

Thus, where the evidence is such that reasonable men may draw different conclusions therefrom, the question of negligence is one of fact for the jury. It is only where the evidence is so conclusive that reasonable men can draw but one conclusion therefrom that such questions become questions of law for the court. Erdahl v. Hegg, N.D., 98 N.W.2d 217.

■ There is no evidence in the record of any situation which caused the defendant driver to turn her attention to the rear on sudden impulse, such as was true where the bee sat on the driver's hand or where the defendant saw a tree which had fallen upon a porch. However, there is testimony in the record before us that the defendant Audrey Pendergrast, as driver of the defendant automobile, during the discussion relative to the letter, quite deliberately directed her attention to the rear seat of the vehicle she was driving and that this was done just as the defendant vehicle was rounding a curve on the highway. The question of her gross negligence therefore became a question for the jury and is not a question of law for the court unless we must say that, as a matter of law, the defendant driver's age of just under eighteen takes this case out of the rule which this court has laid down in Rubbelke v. Jacobsen, 66 N.D. 720, 268 N.W. 675, 676. In the Rubbelke case, this court said:

"Where a driver voluntarily and deliberately directs his attention elsewhere than to the highway on which he is driving and as a proximate result of his inattention, even though momentary, an accident occurs, the question of his gross negligence is for the jury."

The defendants contend that this rule does not apply in the case before us since the defendant driver was a minor at the

time of the accident. She was slightly under the age of eighteen.

■ Children, although they are liable for their torts, obviously cannot be held to the same standard of care required of adults. In the case of children, a standard is applied based upon what it is reasonable to expect of one of the defendant's age, intelligence, and experience. Prosser on Torts, 2d Ed., p. 124.

■ If the defendant in this case were a minor of tender years, it might be, as the defendants strenuously contend, that the evidence in this case would be insufficient, as a matter of law, to create a jury question on the existence of gross negligence. However, where the defendant driver is within a few months of her majority, is a high school graduate, and has driven a motor vehicle for more than five years, as is true in the case before us, we cannot say that reasonable men could draw but one conclusion from the facts. We believe that the rule laid down by this court in the Rubbelke case, supra, is applicable here and that where a driver of the age and experience of the defendant Audrey Pendergrast, who voluntarily and deliberately directs her attention elsewhere than to the highway on which she is driving, and as a proximate result of her inattention, even though it is momentary, an accident occurs, the question of her gross negligence is for the jury.

The defendants contend that the court erred in refusing to include in its instruction on "gross negligence" the words—

" * * * is a lack of care, which is practically willful in its nature."

The trial court charged on "gross negligence" as follows:

"As already defined, gross negligence, is the want of slight care. Slight care is such a degree of care as persons of ordinary prudence and skill would usually use about their own affairs of slight importance.

"Gross negligence is to all intents and purposes, no care at all. It is the omission of care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament.

"The term, 'gross negligence', as applied to negligence of a motorist in an action brought by an automobile guest, has reference to mental attitude of the motorist with reference to the consequences which she should have foreseen, and implies such gross recklessness as shows utter indifference to consequences which she must have in her mind.

"Gross negligence is a relative term and whether or not a certain act is or is not gross negligence depends upon all the circumstances and must of necessity vary with circumstances of each particular case.

"In determining whether or not gross negligence exists, every act or omission entering into a particular happening, must be considered in connection with all other circumstances, before the whole can properly be held to be an instance of gross negligence.

"An act of gross negligence may be of brief duration, so long as such act existed for a sufficient length of time to cause the accident and the consequent injuries, if any, to the plaintiff, Ethel Sheets."

Our statute defines "gross negligence." Section 1–0117 provides that "gross negligence" consists of "the want of slight care and diligence."

Under this statutory definition, we believe the instruction of the trial court on the subject was proper. It is true that this court on occasion, in its definition of the term, has used language which includes the words "it is a lack of care, which is practically willful in its nature." However, the trial court included in its definition of

"gross negligence" such words as "it evinces a reckless temperament," and, further, that it "implies such gross recklessness as shows utter indifference to consequences." Clearly, the definition given by the trial court satisfies the requirements of our statutory definition.

It is not error to refuse to give the exact language requested by the defendant in a requested instruction, in view of the sufficiency of the instruction which the court did give. This court frequently has held that a trial court has the duty to fully and fairly instruct the jury on law governing issues involved in the trial, but that the court may refuse requested instructions where the matter already is fully and fairly covered by the charge given, even though the requested instructions correctly state the legal principles involved. Stokes v. Dailey, N.D., 97 N.W.2d 676; Axford v. Gaines, 50 N.D. 341, 195 N.W. 555.

No reversible error having been shown by the appellants, the judgments and the orders denying motion for judgment notwithstanding the verdict are affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.