OPINION OF THE COURT
David O. Boehm, J.
The question of whether an infant is subject to punitive damages has apparently never been considered in New York. At least there does not appear to be any recorded decision on the point and it would therefore seem that this ° is a case of first impression.
The issue here is presented by a motion to set aside verdicts against the defendant for punitive damages. The defendant is presently 18 years of age, but at the time of the tortious conduct which brought on these actions he was only 14.
In 1980, a series of burglaries in homes in Pittsford, a suburban town outside of Rochester, was finally solved by the investigation of the Sheriff of Monroe County and the confession of the defendant admitting his responsibility. A few items of jewelry were recovered from his backyard *217 where he had buried them. Much of the stolen property had been sold by him to a “fence”, who has since been prosecuted, convicted and sentenced to a term of imprisonment.
The defendant was the paperboy on a route which included the victimized homes. As a result he knew when the residents would be away for vacation and when they would be returning. The burglaries occurred during such vacation periods. In addition, he was friendly with the children of the homeowners and had been inside their homes and shown coin collections which he stole in the burglaries.
The defendant’s confession was obtained with the permission of both the defendant’s father and the family attorney; no question has been raised as to its legality. Through an arrangement with the Sheriff’s deputies investigating the crimes, the defendant, in return for his confession and his cooperation in prosecuting the fence, as well as a promise to accept guidance and counseling, was not required to go through the juvenile court system, nor otherwise prosecuted.
The plaintiffs here are among the burglarized homeowners. They have, so to speak, taken the law into their own hands by bringing these actions, joined by court order, against the defendant to recover for compensatory damages covering the value of their stolen property and for punitive damages.
Punitive damages, serve a number of purposes: they punish the defendant for his wrongful conduct; they protect the public against similar acts; they operate to deter the defendant from a repetition of the same conduct; and they serve as an example or warning to others (Reid v Terwilliger, 116 NY 530; 36 NY Jur 2d, Damages, § 173).
Such damages will not be denied merely because the defendant’s conduct is criminal, and the same act may be the subject of both a civil action for punitive damages and a criminal prosecution (Colligan v Fera, 76 Misc 2d 22; see, also, Giddings v Freedley, 128 F 355).
Surely it is fitting and proper to impose such damages here against a burglar whose depredations, although focusing on a few individuals, have a devastating effect upon an entire neighborhood. Their corrosive and offensive impact upon the fabric of a community are not penumbral, *218 they are woundingly direct. The propriety of awarding punitive damages would seem to be reinforced by the present acceptance of restitution as a sentencing alternative. There is no apparent reason, therefore, why such restitution, in the form of both compensatory and exemplary damages, should not be obtained directly in a civil suit for damages by the victim, acting as his own attorney general in the same way he is encouraged to act in many other civil cases involving quasi-governmental remedies, e.g., antitrust, truth-in-lending, section 1983 of title 42 of the United States Code, civil rights actions, etc. “In such cases the law uses the suit of a private party as an instrument of public protection, not for the sake of the suitor but for that of the public.” (36 NY Jur 2d, Damages, § 175, p 294.)
The only question is whether defendant’s infancy at the time these acts were committed bars an award of punitive damages. I held it did not and the jury was permitted to consider, over defendant’s objection, an award of punitive damages as well as of compensatory damages. After deducting the small payments received by the plaintiffs from their insurance companies, the jury returned a net verdict for compensatory damages of $1,500 and punitive damages of $500 in one case, and net compensatory damages of $7,800 and punitive damages of $1,000 in the other case.
An infant, even though of tender years, is liable for his own torts (28 NY Jur, Infants, §§ 54-59; 42 Am Jur 2d, Infants, § 141). Age is only a consideration where the infant is so young as to be incapable of malice. “[Although an infant of quite tender years may be held liable where the only intention necessary to the commission of a tort is the intention to perform the physical act in question, as in trespass to property or to person, such an infant cannot be held liable where malice is the gist of the tort and he is too young to formulate the necessary malicious intention, as in the case of slander or libel.” (42 Am Jur 2d, Infants, § 141, pp 134-135.)
Therefore, a very young child may not be held liable for exemplary damages, but such damages are recoverable if the infant was old enough to be capable of knowing the wrongfulness of his act (see 22 Am Jur 2d, Damages, § 255).
*219 As stated, there do not appear to be any reported cases in this jurisdiction as to an infant’s liability for punitive damages (see 7A Warren, NY Negligence [1968 ed], ch 5, § 3.02 [10]). However, there are out-of-State cases holding that where an infant is old enough to be criminally responsible for acts done with knowledge of the conditions and result, liability may be imposed (Mazzilli v Selger, 23 NJ Super 496, mod on other grounds 13 NJ 296). As observed in Warren’s, this would seem to be the rule which would probably control in New York. “In other words, if the infant was of sufficient age so that he thoroughly understood the nature of his conduct and would, hence, be criminally liable for his acts, he could be held liable for punitive damages in the same manner as could an adult.” (7A Warren, NY Negligence [1968 ed], § 3.02 [10], p 132.)
Other cases, dealing with the standard for assessing the conduct of a minor motorist where a guest statute or similar common-law rule requires gross negligence, recklessness or willful or wanton misconduct, have upheld awards against an infant “motorist”, even though a minor motorist might not be held to the same standard of care as an adult (see Sheets v Pendergrast, 106 NW2d 1 [ND], driver 17 years old; Chernotik v Schrank, 76 SD 374, driver 16 years old). With respect to an action in libel, a Missouri case held that the distinguishing line was the same as in the criminal law and that an infant under seven is regarded as “doli incapax”. Between that age and 14 the question was an open one and when over 14 the infant was to be treated as an adult (Munden v Harris, 153 Mo App 652).
In the cases at bar, the defendant, then 14, was guilty of not only one burglary, but of 5 or 6 others, apparently all committed with the same clever design. As the paperboy in the neighborhood, he was informed by the plaintiffs, whose children he played with and into whose homes he had been invited, when they would be away on vacation and when they would be returning. These were precisely the times when the defendant committed the burglaries, indicating a well thought out and deliberate plan. Thereafter, the burglarized goods were either sold by him to another or carefully buried in his backyard.
*220 Had he been an adult, he would have been guilty of burglary in the second degree (Penal Law, § 140.25, subd 2). Even as a 14 year old, he would have been guilty as an adult of burglary in the second degree had his conduct met the requirements of subdivision 1 of section 140.25 (Penal Law, § 10.00, subd 18; § 30.00). The fact, however, that defendant could not be prosecuted as an adult because his criminal activity fell within subdivision 2 instead of subdivision 1 does not make his conduct any the less reprehensible or morally culpable, and subjecting him to a recovery for punitive damages violates no public policy simply because he could not be held criminally responsible. The public policy of this State was set forth in 1978, when 13, 14 and 15 year olds were made responsible as adults for certain criminal conduct. It was a clear expression that under certain circumstances infancy would no longer be a bar to adult responsibility. As stated in People v Ryals (100 Misc 2d 551, 553): “There is no fundamental right to be treated as a juvenile. The common law treated infants in the same manner as adults * * * The present laws that provide for juvenile treatment ‘represented a shift in public attitudes, and was not the result of any declaration of unconstitutionality’ [citations omitted].”
The jury was instructed that they might, but were not required to, award punitive damages if they found the acts of the defendant were malicious, that is, done with deliberate knowledge of the rights of the plaintiffs and with the intent to interfere with them, or if the defendant was guilty of other morally culpable conduct (PJI 2:278; Walker v Sheldon, 10 NY2d 401). The punitive damages, $500 in one case and $1,500 in another, were surely not excessive and obviously took into consideration the defendant’s age at the time of the burglaries as well as his subsequent cooperation with the police.
Under the circumstances, and for all of the foregoing reasons, the award of punitive damages was properly before the jury which appropriately, indeed, conservatively, included them in its verdicts. The defendant’s motion, therefore, to set aside those parts of the verdicts awarding such damages, which was presented to the court after the verdicts were returned, was properly denied.