GARRISON *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — UNLIGHTED TRAFFIC LIGHT POSTS—PREVIOUS COLLISIONS.

   City *held,* negligent in maintaining unlighted traffic signal light post in center of street intersection, especially after several collisions with it had occurred within about a month.

2. AUTOMOBILES—NEGLIGENCE—QUESTION OF FACT—ASSURED CLEAR DISTANCE AHEAD.

   Question of fact is presented as to negligence of driver who fails to avoid colliding with unlighted traffic signal light post in center of street intersection on rainy, misty night while she was driving 20 miles an hour or less, rule of safety that one must drive at such a speed as to be able to stop within assured clear distance ahead being inapplicable as to such abandoned devices on city streets.

3. SAME—CONTRIBUTORY NEGLIGENCE—FINDING OF COURT.

   Finding of court in case tried without a jury that plaintiff motorist was guilty of contributory negligence in colliding with unlighted traffic signal light post in center of street intersection on rainy, misty night while she was driving 20 miles an hour or less *held,* not error.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted December 12, 1934. (Docket No. 137, Calendar No. 37,782.) Decided January 7, 1935.

Case by Laura Garrison against City of Detroit, a municipal corporation, for injuries alleged to have been caused by defendant's negligence. Judgment for defendant. Plaintiff appeals. Affirmed.

*Edward Bryant,* for plaintiff.

*Raymond J. Kelley,* Corporation Counsel, and *James R. Walsh,* Assistant Corporation Counsel, for defendant.

FEAD, J. Defendant had judgment on trial before the court without a jury.

January 14, 1932, about 11 p. m., while driving north on First street in the city of Detroit, at a speed of 20 miles per hour or less, plaintiff struck an unlighted traffic signal post in the center of the intersection of Jones street, and was injured. The signal device consisted of a cement base, three feet in diameter and three feet high, supporting a six-inch steel post bearing guard lights five feet above the pavement and traffic lights nine feet high. The post was painted black and yellow, camouflaged, and was muddy and dirty.

The post had been discontinued for signal purposes November 24, 1931, and at the time of plaintiff's accident neither warning nor traffic lights were burning. During the same week there had been two other collisions with the post and in about a month seven accidents, four cases of which required wrecker service.

There was considerable traffic on First street. The night was rainy and misty and the corner not well lighted. Plaintiff had her car under control. She could have stopped in five or ten feet. Her dimmer headlights were burning. She could see 50 or more feet ahead. She said she did not see the post because of the weather, color of post and want of warning lights.

The negligence of the city in failing to maintain the intersection in a condition reasonably safe for travel is not disputed.

Defendant relies on the rule of safety, that one must drive at such a speed as to be able to stop within the assured clear distance ahead. *Russell* v. *Szczawinski*, 268 Mich. 112, and *Thompson* v. *Southern Michigan Transportation Co.*, 261 Mich. 440, where the statutes and cases are collected.

The cases dealt with large objects, such as other motor vehicles, easily seen, and on the open road. A driver must anticipate such objects, lighted or unlighted, carefully or negligently driven or parked, and guard against collision with them. He must see such obstruction as a careful person would have seen.

It would convert a rule of safety into a rule of danger to hold that drivers in a city, subject to distraction caused by pedestrians and vehicles, must anticipate, at their peril, so unusual a thing as an unlighted traffic signal in the center of a street intersection. When such a device is maintained, the cited rule of safety is not applicable but the question of the driver's negligence becomes an issue of fact under the circumstances.

The testimony presents a close question. Plaintiff's reason for not having seen the post is not unfounded and her explanation of the accident is not unreasonable. On the other hand, she was proceeding slowly, and she testified to no condition of traffic which distracted her attention or obscured her view of the device and thus prevented her seeing it. The case is so close that we cannot say the court erred in holding plaintiff guilty of contributory negligence.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.