[File No. 6811.]

WILLIAM J. ARMSTRONG, Respondent, v. GORDON McDON-
ALD and the Office Specialties Company, a Corporation, Appel-
lants.

(4 NW(2d) 191.)

Opinion filed May 28, 1942.

*L. J. Palda, Jr. (Philip B. Vogel,* of Counsel), for appellants.
*B. H. Bradford,* for respondent.

BURR, Ch. J.    This is an appeal from an order denying a motion

for judgment notwithstanding the verdict, and from the judgment entered.

The plaintiff, while on a street in Minot, was injured in a collision with an automobile belonging to the defendant Specialties Company and driven on its business by its employee, McDonald. Plaintiff alleges the collision was caused by the negligence of the defendants; sets forth his claim for damages, and asks for judgment against both.

The gist of the defense is summed up in ¶ 3 of the answer:

" . . . the defendants deny that any injuries or damages that the plaintiff sustained were caused by the negligence of the defendants, but contend that any such injuries or damages were caused solely by the negligence and carelessness of the plaintiff in walking into the automobile of the defendant, the Office Specialties Co."

A verdict was rendered for the plaintiff against both defendants. The defendants based their motion for judgment notwithstanding the verdict upon the grounds that the court erred in denying their motion to dismiss the case at the close of the plaintiff's case; erred in denying the motion for a directed verdict at the close of the entire case; that the plaintiff failed to establish any negligence on the part of the defendants; that the testimony of the plaintiff himself conclusively shows that he "was guilty of gross negligence which contributed to his injuries and was the proximate cause thereof" in that the collision was caused by the plaintiff's walking "directly into the side of the automobile driven at a minimum or moderate rate of speed, and that his negligence in so doing was the proximate cause of the injuries which plaintiff claims to have suffered."

The court overruled the motion; judgment was entered; and on appeal, defendants specify as grounds of appeal that the court erred in denying the three motions stated.

On this appeal, this court determines merely whether there was evidence in the case upon which the jury could base the verdict as returned.

A motion for judgment notwithstanding the verdict does not go to the weight of the evidence, and such motion should not be granted unless the moving party is entitled to judgment as a matter of law. Such judgment is not to be ordered when there is evidence on the issues in

dispute, requiring a submission of the matter to the jury. La Bree v. Dakota Tractor & Equipment Co. 69 ND 561, 288 NW 476.

We scan the evidence "to ascertain whether there is any conflict on substantial matters which requires a submission of an issue to the jury; and if there be such conflict then the motion is denied properly." State ex rel. Brazerol v. Yellow Cab Co. 62 ND 733, 245 NW 382, 383. In this respect, we "adopt the view of the testimony most favorable to the plaintiff." Pederson v. O'Rourke, 54 ND 428, 430, 209 NW 798, 799.

There are but two points to keep in mind. Does the record show evidence upon which the jury could find the defendants were negligent? This includes examination to determine whether the collision was caused by the negligence of the plaintiff himself. If there be evidence showing the accident was caused by the negligence of the defendants, we then determine whether the defendants have shown the plaintiff guilty of such contributory negligence as precludes recovery on his part.

The plaintiff was crossing the street at the place where he had a right to be. There is conflicting testimony as to what part of his body was struck by the car. He testified that at about four o'clock in the afternoon, as he started to cross the street, he stopped to see if the street were clear; saw no moving cars; started across; got about two-thirds of the way across; the driver of the car did not sound any horn, or otherwise warn him, and the first thing he knew he was hit, thrown to the pavement, knocked unconscious, and the car ran over his leg. His brother testified he saw the accident plainly; that the front bumper of the car hit plaintiff on the right leg, doubling him back so that he fell on the sidewalk, and that the driver of the car told him the light had blinded his eyes so he could not see the plaintiff.

There is testimony by one Simpson tending to show plaintiff failed to observe the usual precautions of looking and listening as he crossed the street; that he was not looking where he was going. There is testimony by defendant McDonald tending to show that he had stopped when he came to the intersection, then started, proceeded slowly, was affected by a glare and did not observe danger until plaintiff ran into the car, and was hurt. These four are the only witnesses who saw the accident. One witness testified as to the width of the street, and another testified

as to marks on the car and on the pavement. This testimony was offered as contradictory to the testimony furnished by the plaintiff.

Negligence, whether contributory or primary, is a question of fact, never of law, unless the established or conceded facts from which the inference must be drawn admit of but one conclusion by reasonable men. Bagg v. Otter Tail Power Co., 70 ND 704, 297 NW 774. The jury resolved these contradictory statements in favor of the plaintiff; and so we agree with the trial court there was evidence to submit to the jury upon which the latter could find the accident was caused by the negligence of the defendants.

The alleged contributory negligence of the plaintiff is based on the same facts—that is, actions of the plaintiff at the time he was crossing the street at a place set apart for pedestrians. For the jury to find for the plaintiff it was required to find the accident was caused by the negligence of the defendants. The evidence to substantiate this is the evidence that negatives sole negligence or contributory negligence on the part of the plaintiff.

The trial court reviewed the case carefully, discussing the conflicting testimony, and denied the motion for judgment notwithstanding the verdict. We have examined the evidence sufficiently to determine that there was competent evidence requiring the submission of all of the controlling issues to the jury. This being so, and the jury having found for the plaintiff, the trial court was required to deny the motion for judgment notwithstanding the verdict. The order and judgment, therefore, are affirmed.

CHRISTIANSON and NUESSLE, JJ., concur.

MORRIS, J. I dissent upon the ground that the record clearly establishes contributory negligence on the part of the plaintiff that bars his recovery as a matter of law. The plaintiff was injured while crossing Fourth Avenue in the city of Minot. He was walking in the regular pedestrian lane from south to north and was struck by an automobile driven by the defendant Gordon McDonald which approached the plaintiff from his right. The automobile had stopped on the east side of Main Street which is designated and marked as a Stop street. After

stopping, the driver started up and proceeded across Main Street in a straight line to the point of impact which was in the pedestrian lane crossing Fourth Avenue along the west line of Main Street. It thus appears that the plaintiff was in the pedestrian lane where he had a right to be, and the automobile was moving in its lawful and proper lane of traffic. The paths of the pedestrian and the automobile met at right angles. Traffic was not congested. The plaintiff had a clear view of the approach of vehicles from all directions. His eyesight was good.

It is the duty of pedestrians, on public streets, to exercise reasonably the faculties provided by nature for their safety and self-protection. They may not heedlessly cross busy city streets without taking reasonable precautions to avoid injury. Brickell v. Trecker, 176 Wis 557, 186 NW 593; Wiezorek v. Ferris, 176 Cal 353, 167 P 234; Jones v. Wiese, 88 Wash 356, 153 P 330; Moseley v. Mills, 145 Wash 253, 259 P 715.

The fact that the plaintiff was proceeding to cross the street in the regularly marked lane for pedestrians does not absolve him from the duty to observe due care to avoid injury. Chasanow v. Smouse, 168 Md 629, 178 A 846.

The plaintiff testified that he looked for moving cars before he started to cross the street and continued to look and saw no cars approaching him, yet he never saw what hit him. He did not know he had been struck by an automobile until he regained consciousness in a hospital. The undisputed testimony discloses that the accident occurred about four o'clock in the afternoon on a clear day. The automobile stopped at the intersection across the street to the east, started up and in crossing Main Street to the point of impact travelled about 76 feet. The driver says that he did not see the plaintiff because he was blinded by the sun.

The plaintiff's testimony that he looked and did not see the approaching car is legally incredible. Rattie v. Minneapolis, St. P. & S. Ste. M. R. Co., 55 ND 686, 215 NW 158; Marshall v. Northern P. R. Co., 58 ND 626, 227 NW 55.

The two cases just cited are railroad crossing accident cases; however, the same rule applies to a pedestrian who walks into the path of an approaching automobile. In holding that a pedestrian who was struck at a street intersection by an automobile travelling 5 to 8 miles per hour

was guilty of contributory negligence as a matter of law, the supreme court of Michigan said: "That she testified of looking and seeing nothing is of no avail when the physical facts demonstrate that, had she looked, using ordinary care, she could, and must, have seen defendants' approaching car, and, had she so looked, and so used ordinary care, she could have avoided injury." Molda v. Clark, 236 Mich 277, 210 NW 203.

We find the same rule applied in the following cases involving injuries to pedestrians by automobiles. Mertens v. Lake Shore Yellow Cab & Transfer Co. 195 Wis 646, 218 NW 85; Robichaux v. Dorion, 17 La App 159, 134 So 784; Stephen Putney Shoe Co. v. Ormsby, 129 Va 297, 105 SE 563.

"If a pedestrian looks for approaching automobiles before attempting to cross a street or highway, he is presumed in law to have seen what he should have seen had his observance been careful and attentive. He cannot justify himself by saying that he looked and did not see the approaching car that injured him, when, if he had looked, he must have seen the car. Unless there is some circumstance or condition to excuse him, his failure to see the car constitutes negligence as a matter of law." Huddy, Automobile Law, 9th ed, Vol 5-6, p. 156.

The legal incredibility of the plaintiff's testimony is strengthened by the positive testimony of a disinterested witness who saw the accident while sitting in his car on the south side of Fourth Avenue. As the plaintiff stepped from the sidewalk into Fourth Avenue on the pedestrian lane, he passed in front of this witness's car. The witness also saw the car that was involved in the accident when it stopped on the east side of Main Street. As the plaintiff passed in the front of the witness's car "he was looking down on the sidewalk; at the time I was kind of wondering just what would happen."

The record discloses this further testimony by the same witness:

"Q. And this elderly gentleman, you say, walked in front of your car, and where was he looking, if you observed?

"A. He was looking down to the sidewalk.

"Q. And did that call your attention, possibly, to observe what happened? A. Yes, it did.

"Q. Why? A. Well, because I was kind of wondering how they were going to pass each other.

"Q. He was walking right along? A. Yes.

"Q. Did he stop in front of your car, or before the contact of himself and the Office Specialties car?

"A. No, he did not.

"Q. Did you observe what part of the Office Specialties car he walked into? A. I would say the front part of the fender.

"Q. The front part of the fender, and what happened then?

"A. He kind of went over on the car and then flopped back on the street.

"Q. He flopped back on the street? A. Yes.

"Q. And what happened with the Office Specialties Company car?

"A. It stopped practically immediately.

"Q. It stopped almost immediately—and about how far would you say it went before it stopped?

"A. I don't know; I suppose about three or four feet."

There is other testimony to the effect that the plaintiff was not struck by the fender but was struck on the right leg by the automobile bumper and thrown to the pavement. This, however, does not lessen the force of the testimony and circumstances that clearly indicate contributory negligence on the part of the plaintiff. He crossed the street wholly oblivious of danger from approaching automobiles. His negligence in this respect contributed proximately to his injury and should bar his recovery as a matter of law.

BURKE, J., I agree with the views expressed by Judge Morris.