[File No. 7127]

WALTER FROH, personally and as guardian ad litem of Walter Froh, Jr., Appellant, v. W. L. HEIN and DeLane Hein, Respondents.

(39 NW2d 11)

702

Opinion filed August 26, 1949.

*Max A. Wishek* (Sullivan, Fleck, Kelsch & Lord of counsel) for appellant.

*Nilles, Oehlert & Nilles,* for respondent.

Burke, J. This is an action for damages for personal injuries arising as the result of the collision of two automobiles. Plaintiff Walter Froh, brought the action on behalf of himself personally and as guardian ad litem for his minor son, Walter Froh, Jr. He alleged in his complaint that his son Walter Froh, Jr. while riding as a guest in an automobile driven by the defendant DeLane Hein received personal injuries which were proximately caused by the gross negligence of DeLane Hein. He asked damages in the sum of $7,500.00 for personal injuries to his son, $1,500.00 for loss of wages suffered by his son and for $400.00 for medical and hospital bills incurred by himself. In their joint answer, the defendants W. L. Hein and DeLane Hein alleged that the damages suffered by plaintiffs were "due wholly and solely to the carelessness, recklessness and negligence of a driver on the highway other than the defendants and that the negligence of the plaintiff (Walter Froh, Jr.) contributed thereto. The action was tried before a jury in the District Court of McIntosh County. The jury returned a verdict in favor of the defendants for the dismissal of the action. Judgment was entered pursuant to the verdict. Thereafter plaintiffs moved for a new trial. This motion was denied and plaintiffs have appealed from the judgment and from the order denying a new trial.

As stated by plaintiffs and appellants in their brief, "The material issues presented by the Specifications of error upon appeal are:

1. Is the verdict for the defendant against the clear weight of the evidence and the law applicable thereto?

2. Did the Trial Court commit prejudicial error in excluding evidence to show that DeLane Hein had been drinking at the dance pavilion shortly before the collision occurred?

3. Did the Trial Court commit prejudicial error in failing to properly instruct the jury upon the defense of contributory negligence raised by defendants' answer and their evidence?

4. Did the Trial Court commit prejudicial error in failing to properly instruct the jury upon the controlling principles of law applicable to the operation of motor vehicles, within the issues presented by the pleadings and evidence?

5. Did the Trial Court commit prejudicial error in denying plaintiff's motion for a new trial on the grounds stated therein?"

We shall consider the issues in the order stated.

Plaintiff contends that the verdict is against the clear weight of the evidence in that the evidence demonstrates that defendant DeLane Hein was guilty of gross negligence as a matter of law. It is conceded that the guest statute (Chapter 39–15 ND Rev Code 1943) applies and that gross negligence must be shown to charge defendants with liability in this case. Questions of negligence and probable cause are ordinarily questions of fact for the jury. They become questions of law only when the state of the record is such that reasonable men can draw but one conclusion therefrom. Armstrong v. McDonald, 72 ND 28, 4 NW2d 191; Leonard v. North Dakota Co-op. Wool Marketing Asso. 72 ND 310, 6 NW2d 576; Fagerlund v. Jensen, 74 ND 766, 24 NW2d 816. In considering a specification that a verdict is contrary to the evidence, the court will assume the truth of that version of the evidence which tends to support the verdict. Jacobs v. Nelson, 67 ND 27, 268 NW 873.

On July 27, 1946, the defendant, DeLane Hein was twenty years old. He was an experienced automobile driver, having driven for eight years and acted as chauffeur for his commanding officer during his army service. On the evening of that date he had borrowed his father's car, a Ford V-8, which recently had been thoroughly reconditioned. It was in the best

of driving condition. At approximately eleven o'clock at night DeLane Hein with two male companions, one of whom was the plaintiff Walter Froh, Jr., drove to a dance pavilion at Lake Hoskins, located about three miles west of Ashley upon State Highway 11. They danced until the pavilion closed at midnight. They invited two young ladies to ride home with them. On the way home one of the young ladies rode in the back seat of the car with Froh and the other rode in front between Hein and his other male companion. Highway 11 except for a short distance west of Ashley is a graveled highway. The night was still and the traffic created by the cars of returning dancers churned up a cloud of dust which blanketed the road. Hein was neither the first nor the last to leave Lake Hoskins. On his way towards town, the dust was sufficiently dense to reduce visibility to a distance of 150 to 175 feet. Driving towards Ashley he passed three or four cars reaching a maximum speed of 55 miles an hour during such passings. Other cars on the highway were traveling at a rate of 35 to 40 miles an hour. A short distance west of Ashley on Highway 11 there is a railway crossing. Westward from this crossing the highway is down grade. At a point about a mile west of Ashley, Hein had just passed a car, reaching a speed of 55 miles an hour in so doing, when an approaching car crossed the railway tracks 600 to 800 feet east of his car. As the lights of this car shifted downhill, their glare partially blinded Hein. Having just passed a car he was still in the north or west bound lane of the highway. He had just turned his car to re-enter the south or east bound lane of the highway when another east bound car, without a tail light "loomed up" ten or twenty feet ahead of him. This car was moving at a rate of about 20 miles an hour. Hein immediately pushed the brake pedal all the way to the floor but he was too close to reduce speed sufficiently to avoid a collision and he crashed into the left rear of the car ahead. Both cars went into the ditch but neither turned over. All persons in the Hein car suffered cuts and contusions but Froh was the only one who was seriously injured. Hein's testimony is that all the way from Lake Hoskins to the point of collision, he drove with both hands

on the wheel and kept a constant watch on the road ahead except for an occasional glance in the rear view mirror to check on the traffic behind him.

The question is whether these facts would permit reasonable men to reach only the single inference or conclusion that DeLane Hein was guilty of gross negligence.

"Gross negligence is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive or thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is a lack of care which is practically wilful in its nature." Rubbelke v. Jacobsen, 66 ND 720, 722, 268 NW 675; Erickson v. Foley, 65 ND 737, 744, 262 NW 177.

Excessive speed in the circumstances is the only act of alleged negligence to be considered under the pleadings and the evidence. Was that speed so excessive that a jury of reasonable men had no alternative but to call it gross negligence? We think not. The jury might have concluded that the collision would not have happened, if the car which DeLane Hein struck had been proceeding at a rate of speed normally to be expected upon a through highway, or if it had had a tail light, or if the headlights of the approaching car had not suddenly turned down the hill and aggravated the obscuring effect of the dust upon the road. Of all the factors which produced the collision DeLane Hein was responsible for only one, speed. He had knowledge of one other, dust. Reasonable men might have concluded that his failure to guard against the instantaneous coincidence in time and space of all of the factors which produced this collision was no more than ordinary negligence. In Jacobs v. Nelson, 67 ND 27, 34, 268 NW 873, this court said:

". . . where there is a question whether the acts are such as to place the defendant in the category of one guilty of gross negligence or the class of one guilty of ordinary negligence, the matter should be submitted to the jury as the jury must determine to which class the defendant belonged."

In his brief plaintiff cites three North Dakota cases in which he says this court has said that acts, similar to the acts of the defendant DeLane Hein in this case, amounted to gross negligence

They are Bolton v. Wells, 58 ND 286, 225 NW 791, Rubbelke v. Jacobsen, 66 ND 720, 268 NW 675; Jacobs v. Nelson, 67 ND 27, 268 NW 873. Of these cases, the first involved only a question of ordinary negligence and in each of the other cases, the court held that the question of gross negligence was one of fact for the jury. That is our holding in this case.

For his second issue plaintiff contends that it was error for the trial court to sustain an objection to a question concerning the taking of a drink, presumably of some intoxicating beverage by the defendant DeLane Hein. The transcript shows the following:

"Q. And you were in the bowling alley, and then where did you go when you left the bowling alley?
A. Went into Dockter's Bar, the next place.
Q. And about how long were you there?
A. Oh, about fifteen or twenty minutes.
Q. I suppose you had something in there?

Mr. Oehlert: Just a moment, if the Court please, we don't object necessarily to this testimony going in except that it is not within the pleadings. The whole claim is on gross negligence. There is no allegation in the complaint that this man was intoxicated. I think it is put in to prejudice the jury.
Mr. Wishek: No, it isn't.
The Court: I will sustain the objection.
Mr. Oehlert. We object as not within the pleadings.
The Court: It is a good many hours from the accident also." (five hours earlier)

There the matter was dropped. Counsel did not state for what purpose the evidence was sought, nor did he make any offer of proof. Later defendant DeLane Hein was asked, "Did you have anything to drink out there?" (referring to the dance pavilion). Again an objection, that the testimony sought was not within the pleadings, was sustained. Again there was no offer of proof. Assuming that the questions related to intoxicating beverages the competency of the testimony sought is not apparent upon the face of the question. In his complaint, plaintiff had alleged that the collision was "due to the grossly negligent

and careless operation of the said automobile by the defendant DeLane Hein and due to the excessive speed of operation of the defendant's automobile under all the circumstances that existed at the time, among others being that there was a dense cloud of dust overhanging the entire stretch of highway from said pavilion to the City of Ashley." There was no claim of intoxication. It was not an issue in this case. For what purpose the question was asked, what the answer would have been and what additional testimony would have been offered, we can only guess. We have consistently followed the rule that a party must offer to prove facts sought to be elicited from a witness before he can assign error upon an objection sustained to a question, the competency of which is not apparent on its face. Halley v. Folsom, 1 ND 325, 48 NW 219; Farmer v. Holmes, 35 ND 344, 160 NW 143; Montana Eastern R. Co. v. Lebeck, 32 ND 162, 155 NW 648; New York Life Ins. Co. v. Hansen, 71 ND 382, 2 NW 2d 163. Since plaintiff made no offer of proof, no prejudicial error is shown.

For his third issue, plaintiff asserts that the manner in which the trial judge handled the issue of contributory negligence resulted in prejudicial error. Defendants had pleaded that Walter Froh, Jr.'s negligence had contributed to his injuries. During the course of the trial their attorney had directed to the witnesses certain questions, the object of which was to show that Walter Froh, Jr. had assumed a reclining position in the back seat on the trip home from the dance hall. At the close of all the evidence, out of the presence of the jury, defendants' attorney moved for a directed verdict. One of the grounds urged was that the conduct of Walter Froh, Jr. amounted to contributory negligence as a matter of law. This motion was denied and the trial judge determined that there was not sufficient evidence of contributory negligence to submit that issue to the jury. In his instructions the trial judge first summarized the pleadings. After stating the substance of the complaint, he stated:

"The defendants deny each and every allegation of plaintiff's complaint except such allegations as are admitted, qualified or otherwise explained. The defendants admit that an automobile accident did occur in the general vicinity described in plaintiff's

complaint, but allege in that regard that such accident was due wholly and solely to the carelessness, recklessness and negligence of a driver on the highway other than the defendants, and that the negligence of the plaintiff contributed thereto."

Thereafter the trial court stated the contentions of the defendants as follows:

"It is the contention of the defendants that they were not grossly negligent; that DeLane Hein operated the Ford automobile in a prudent manner, and that the accident and collision occurred by reason of the fact that the Moench car was being driven upon the highway in a careless, negligent and reckless manner."

He closed his charge upon the question of negligence by saying, "If after a fair consideration of the evidence in this case you should find that the defendant DeLane Hein did operate the Ford automobile in a grossly negligent manner, and that such gross negligence was the proximate cause of plaintiff's injuries, you will then consider the extent of plaintiff's injuries and the amount of damages the plaintiff would be entitled to recover."

The trial judge thus removed the issue of contributory negligence from the case. On that score plaintiff cannot complain since the trial judge's action in so doing was favorable to him. He says, however, that since the trial judge intended to and did remove this issue from the case, it was prejudicial error for him to mention that the defendants had pleaded contributory negligence, in his summarization of the pleadings. It is his contention that this reference to the pleading tended to confuse the jury and made it possible for them to find for the defendant upon an issue which the trial judge had correctly found was not supported by any evidence.

Instructions to a jury must be considered in their entirety. If the effect of the whole is to outline the issues in the case correctly and fairly, an isolated improper statement contained therein will not be considered prejudicial error. Haslam v. Babcock, 71 ND 363, 1 NW2d 335; De Rochford v. Bismarck Baking Co. 70 ND 523, 296 NW 188; Federal Surety Co. v. Midwest Constr. Co. 58 ND 937, 228 NW 432. In this case, subsequent to his reference to the pleadings the trial judge told

the jury that the contention of the defendants was that they were not guilty of gross negligence but that the collision had been caused by the negligence of a third party. He did not tell them that defendants contended that Walter Froh, Jr.'s acts had contributed to the cause of the collision. After defining gross negligence and probable cause, he told the jury that they should find for the plaintiff "if after a fair consideration of the evidence in this case you should find that DeLane Hein did operate the Ford automobile in a grossly negligent manner and that such gross negligence was the proximate cause of plaintiff's injuries." This charge so clearly presented the issues of gross negligence and probable cause and these alone that we are of the opinion that a jury of reasonable men could not have been confused by the casual reference to contributory negligence made at the beginning of the charge. It was improper for the court to mention an issue which he did not intend to submit to the jury, but considering the charge as a whole such mention did not constitute prejudicial error. Elliott Supply Co. v. Green, 35 ND 641, 160 NW 1002.

The fourth issue raised by plaintiff concerns the failure of the trial judge to give certain instructions which plaintiff contends were necessary to a proper submission of the case. These include charges on:

1. The duty of a driver to keep a proper lookout.

2. The duty of a driver to maintain such speed as would have enabled him to stop his car within the range of his vision.

Neither instruction was requested. In fact plaintiff made no request for instructions. He therefore cannot complain because he feels the instructions were not sufficiently specific unless the omissions in instructions were such that they amounted to misdirection. State v. Van Horne, 71 ND 455, 2 NW2d 1; Reineke v. Commonwealth Ins. Co. 52 ND 324, 202 NW 657; De Moss v. Great Northern R. Co. 67 ND 412, 272 NW 506. Under the pleadings and the evidence the only issue of negligence was whether the speed at which DeLane Hein was driving immediately before the collision was so excessive in the light of the surrounding circumstances that it amounted to gross negligence. The trial judge charged:

"It is the contention of the plaintiff that DeLane Hein was grossly negligent in the operation of the Ford automobile considering all of the conditions which existed at the time of the collision, in that said defendant operated said automobile at an excessive rate of speed considering the conditions of the highway and the dense cloud of dust that overhung the highway at the time and place of the collision."

"Our law provides that any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other condition then existing. No person shall drive any vehicle upon a highway at a speed to endanger the life, limb or property of any person.

"Our law further provides that it is prima facie lawful for the driver of a motor vehicle to drive the same upon a public highway outside of the business district of a town or city at a speed of fifty miles per hour, but in any case when such speed would be unsafe it would not be lawful."

The jury were thus instructed that DeLane Hein had the duty of driving at a careful and prudent speed in the light of the circumstances; and that it would have been unlawful for him to drive at a speed which would endanger life, limb or property or would be otherwise unsafe. This certainly did not constitute a misdirection. In the light of the pleadings, the evidence, and the absence of requests, it was sufficient.

Plaintiff's last contention is that the trial court erred in refusing to grant a new trial upon all the grounds set forth in his motion therefor. Upon the specifications of errors concerning the exclusion of evidence, and the insufficiency of the instructions, what we have said above is controlling. Upon our consideration of the sufficiency of the evidence, we have held that the evidence was such that the question of whether DeLane Hein was guilty of gross negligence was a question for the jury. Where evidence is conflicting or such that reasonable men may draw different inferences therefrom, the question of whether a new trial should be granted because of the insufficiency of the evidence, is one within the sound judicial discretion of the

trial judge. Haslam v. Babcock, 71 ND 363, 1 NW2d 335; Burdick v. Mann, 60 ND 710, 236 NW 340, 82 ALR 1443. The trial judge stated, "The court is of the further opinion that this case was fairly tried, the issues were fairly submitted to the jury and the jury's verdict should stand."

There is nothing in the record to show an abuse of the trial court's discretion. The judgment, appealed from, is affirmed.

NUESSLE, Ch. J., MORRIS and CHRISTIANSON, JJ., and GRONNA, District J., concur.