(File No. 7200)

EDWIN R. MORTON, Appellant, v. DAKOTA TRANSFER
& STORAGE CO., a corporation, Respondent.

(50 NW2d 505)

552

Opinion filed December 4, 1951.   Rehearing denied Jan. 4, 1952

*Day, Lundberg, Stokes, Vaaler & Gillig,* for appellant.

*Burtness & Shaft,* for respondent.

BURKE, J. This action is one for damages arising out of a collision of motor vehicles. The issues of negligence and contributory negligence raised by the pleadings in the case were tried to a jury and judgment for the dismissal of the action was entered pursuant to the jury's verdict. Plaintiff thereafter moved for a new trial. The motion was denied and plaintiff has appealed both from the order denying a new trial and from the judgment.

Plaintiff's first contention upon this appeal, is that the evidence in the case conclusively establishes actionable negligence on the part of defendant's employee, that there is no evidence of contributory negligence on the part of the plaintiff and that plaintiff is therefore entitled to a judgment as a matter of law.

The vehicles involved in the collision were a tractor and semi-trailer owned by the defendant and operated by one of his employees and a Ford station wagon owned and operated by the plaintiff. Immediately prior to the collision, plaintiff was driving east and defendant's employee was driving west on highway number 2 a short distance west of Grand Forks. At a point between the two vehicles, a crew of the State Highway Department was burning the vegetation which had grown up in the ditches beside the highway. The smoke from the fire was carried across the highway and formed a smoke screen between the two vehicles. The vehicles entered this smoke screen from opposite directions and collided at some point within its extent. Plaintiff testified that defendant's vehicle was right on top of him before he saw it and defendant's driver testified that he didn't see plaintiff's vehicle until the first contact between the vehicles took place.

Defendant's employee testified that he entered the smoke at a speed of between four and eight miles an hour; that he found the smoke heavier than he thought it would be; that he could hardly see beyond his radiator; that he could see neither the center line nor the edge of the highway and that he proceeded in what he thought was a straight line on his side of the road.

Plaintiff testified that upon entering the smoke, he slowed down to twenty miles an hour; that he could see a safe distance ahead at the rate he was going; that he could see the shoulder on his right hand side and that he pulled clear over to the right hand side of the road.

An employee of the highway department testified that he was working west of the fire and the smoke; that he saw the top of defendant's van approaching above the smoke; that he saw plaintiff nearing the smoke at a speed of 50 to 60 miles an hour; that plaintiff did not slow down as he approached; that he had

no flag, but that he attempted to warn plaintiff by waving his hands and his hat· that plaintiff said afterwards that he didn't see him.

The collision was almost avoided. Apparently the bumpers of the two vehicles barely touched as they passed. Plaintiff's vehicle continued on past the fenders and cab of the tractor without contact. Its left front wheel then collided with the outside drive wheel of the tractor. There is a conflict in the evidence as to whether there was any further contact between the vehicles. Whether there was or not, plaintiff's car continued on, turned sharply to the left after it passed the van and went into the ditch on the north side of the road.

A deputy sheriff of Grand Forks County, a witness for the plaintiff, who viewed the scene of the accident, testified as to the marks he saw on the highway and gave his conclusions as to their significance. He stated that the marks indicated that the point of impact was two to two and a half feet south of the center line of the highway. The highway had an oiled surface 20 feet wide and an unsurfaced shoulder on each side.

Plaintiff concedes that the evidence was such that the jury might have found that he was traveling at a high rate of speed through the smoke, but he contends such speed whatever it may have been, did not contribute proximately to cause the collision. His argument, as we understand it, is, that the marks left on the highway conclusively demonstrate that the collision occurred on the south or plaintiff's side of the highway; that plaintiff was where he lawfully had a right to be, and that the collision would have happened, whether he was traveling slowly or rapidly. Apparently it is plaintiff's theory that upon entering a screen of smoke which reduces visibility to practically zero, a driver owes no other duty to protect himself or the public except to stay upon his own side of the road. This clearly is not the law.

In Schaller v. Bjornstad, 77 ND 51, 40 NW2d 59, the nature of the duty owed by a motorist whose view is obscured is discussed at some length and it is therein stated that a motorist whose vision is obscured by atmospheric conditions such as fog or

rain must exercise care commensurate with the situation and cannot assume that his course of travel is free of danger or obstruction in the absence of ability to see clearly. In Bagan v. Bitterman, 65 ND 428, 433, 259 NW 266, 267 we quoted with approval from Garrison v. City of Detroit, 270 Mich 237, 258 NW 259 as follows: "A driver must anticipate such objects, lighted or unlighted, carefully or negligently driven or parked, and guard against collision with them."

As we have said, it is conceded in the instant case, that the jury could have found that plaintiff traveled through the smoke at a high or excessive rate of speed. They could also have found that that speed contributed proximately to cause the collision. The surfaced portion of the highway was 20 feet wide. The left hand edges of the two vehicles collided at a point two and a half feet south of the center line of the road, if we accept the testimony most favorable to the plaintiff. It is clear therefore that there were at least seven and a half feet of clear space on the south side of the road which presented the plaintiff with sufficient room for passing. In view of the evidence it is difficult to see how the jury could have found otherwise than that the plaintiff could have avoided the collision if he had exercised due care. A slight turn to the right was all that was needed and there was sufficient room for plaintiff to make that turn. Upon the evidence it would be reasonable to conclude that plaintiff's speed prevented that turn and therefore contributed proximately to the collision.

Plaintiff's remaining specifications of error relate to the judge's instructions to the jury and his refusal to give certain requested instructions. Some of the instructions specified as error upon appeal were not specified as error upon the motion for new trial and no error was specified upon the motion for new trial because of a refusal to give requested instructions. It is well settled that where a motion for a new trial is made, errors of law, including errors in instructions, not specified in the motion for a new trial are waived. Redahl v. Stevens, 64 ND 154, 250 NW 534; Braun v. Martin, 70 ND 216, 293 NW 317; Enget v. Neff, 77 ND 356, 43 NW2d 644. We shall therefore

consider only those specifications asserted both on the motion for a new trial and upon this appeal.

The first instruction complained of is as follows: "I instruct you that if you find from the evidence that plaintiff could have seen, or in the exercise of ordinary care should have seen, the warning signal as testified to by the witness, Steve Smith, if you find that such signal was so given as testified, in time to have slackened his speed, if you believe from the evidence that his speed at said time was excessive under the circumstances, and that he proceeded into the smoke at an excessive rate of speed, then the plaintiff was negligent; and if you find that such negligence on the part of the plaintiff contributed to and was the proximate cause of the accident . . . your verdict must be for the defendant."

Plaintiff asserts that in this instruction the court assumed "(1) that a warning signal had been given and (2) that the smoke was of sufficient density to make a speed excessive" and that by making such assumptions the court invaded the province of the jury. On its face, there is no merit in the assignment. The instruction clearly leaves the question of whether a signal was actually given to the jury. It does not assume that the smoke on the highway was of any particular degree of density but even if it did, there would be no error. The density of the smoke was not in issue as both drivers agreed it was so dense they could only see a few feet ahead.

The following instruction is also specified as error: "The law of this state requires that the driver of a vehicle shall drive the same upon the right half of the highway upon all highways of sufficient width, except upon one-way streets, and that he shall drive a slow moving vehicle as closely as possible to the right edge or curb of such highway, unless it is impracticable to travel on such side of the highway. It is the purpose of this law to establish the rule of the road, and where possible, to keep to the right side of the road. Therefore, if it was possible, in the circumstances which then existed, for either or both of said drivers to see either the center line marker or the right hand edge of the road, and thus know their position on the road, it was their legal duty to keep to the right side of the center line and the fail-

ure of either of them to do so would constitute negligence on the part of either driver who knowingly crossed the center line onto the left side of the road."

This instruction is challenged first because of the references made therein to one-way streets, the duties of drivers of slow moving vehicles, and the impracticability of traveling on the right hand side of the highway. Plaintiff is correct in stating that these references had no applicability to the evidence in the case. We do not believe, however, that they were such that they would mislead the jury. The issues in the case were relatively simple and the matters mentioned were so clearly irrelevant that reasonable men would not be confused by the trial judge's reference to them. Inapplicable instructions are not prejudicial unless they would tend to mislead the jury. Engen v. Matthys, 50 ND 487, 196 NW 550; McGilvra v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 35 ND 275, 159 NW 854. Plaintiff also asserts that the latter part of this instruction is error because the court, in charging that either driver would be negligent as a matter of law if he knowingly crossed to the wrong side of the road, left an inference that neither driver would be negligent if he crossed the center line of the road inadvertently. This charge clearly relates to the duties of drivers who could see the center line or the edge of the highway, not to drivers whose view was obscured to the extent that they could not see either. In a later instruction the court said: "I instruct you that if you find from the evidence that the driver of defendant's vehicle could have seen, or in the exercise of ordinary care should have seen the smoke obstructing his visibility, in time to have stopped his truck if the smoke was so dense as to make it impossible to proceed further on his own side of the road, then he was negligent in proceeding, and if he proceeded under such circumstances, and drove onto the wrong side of the road into the path of plaintiff's approaching car, whether he knew it was approaching or not, he was negligent."

In view of the admission of defendant's driver that he couldn't see his position on the road and the most persuasive evidence that he did cross the center line of the highway, the latter instruction was practically an instruc-

tion that defendant's driver was negligent as a matter of law. On many occasions we have stated the rule that instructions must be considered and construed as a whole. Burkstrand v. Rasmussen, 77 ND 716, 45 NW2d 485; Reservation Motor Corp. v. Mayer, 77 ND 431, 43 NW2d 537; Ferderer v. Northern Pac. Ry. Co., 77 ND 169, 42 NW2d 216; Froh v. Hein, 76 ND 701, 39 NW2d 11. When considered as a part of the whole instruction the challenged instruction was clearly not prejudicial to the plaintiff.

Plaintiff also predicates error upon the instruction: "The law further provides that anyone violating any of the above rules of the road is prima facie guilty of negligence." Plaintiff's complaint here is not that the instruction is not an accurate statement of the law, but that at this particular point in the instruction the court did not point out that negligence, in order to be actionable, must be a proximate cause of an injury. No less than twelve times during the balance of the instructions the court explained that plaintiff's negligence, in order to be actionable, must be the proximate cause of an injury or that defendant's negligence, in order to bar a recovery, must have contributed proximately to his injury. This specification is patently without merit.

All other issues properly raised upon this appeal have been determined by our decision that the issue of plaintiff's contributory negligence was properly submitted to the jury.

The judgment of the district court is affirmed.

MORRIS, Ch. J., and CHRISTIANSON and GRIMSON, JJ., concur.

SATHRE, J., did not participate.