Norman H. HOFFMAN, Plaintiff and
Appellant,

v.

John R. BERGER, Defendant and
Respondent.

No. 7516.

Supreme Court of North Dakota.

April 19, 1956.

Lord, Ulmer & Murphy, Mandan, for appellant.

Cox, Pearce & Engebretson, Bismarck, for respondent.

BURKE, Chief Justice.

In this action plaintiff sought to recover damages for injuries he sustained when an automobile driven by defendant collided with the automobile plaintiff was driving.

Plaintiff alleged that collision and resulting injuries were proximately caused by defendant's negligence in driving at an excessive rate of speed, in failing to keep a proper lookout and in driving with his vision obscured by a sign painted on the windshield of his car. In his answer the defendant denied any negligence on his part, and alleged that plaintiff failed to yield the right of way at the intersection where the collision occurred and that plaintiff's negligence contributed proximately to cause his injuries. A trial of the case before a jury resulted in a verdict and judgment for the plaintiff. Defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. Judgment notwithstanding the verdict was denied but a new trial was granted. The plaintiff has appealed from the order awarding the new trial. A new trial was granted on the ground that the evidence was insufficient.

The collision occurred at the intersection of 2nd Ave. N.E. and 1st St. N.E. in the City of Mandan. Immediately prior to the accident plaintiff was proceeding in a northerly direction on 2nd Ave. and defendant was proceeding west on 1st St. The time was between 5:30 and 6:00 o'clock p. m. on July 28th. The day was clear and the pavement was dry. Each of the streets from curb to curb is 26 ft. 8 in. wide. There were no traffic signs at the intersection. The collision took place in the northeast quarter of the intersection. At the time of its occurrence, the front end of plaintiff's car was about on a line with the north side of 1st St. Defendant's car was in its proper traffic lane and its front end was about six to eight feet within the intersection. The front end of defendant's car struck plaintiff's car just in front of its right rear wheel. After the collision plaintiff's car came to rest on its left side on the berm in the northwest corner of the intersection. It was headed in an easterly direction. It had rolled on its side when its left rear wheel struck the street curbing on the corner. Defendant's car came to rest in the street near plaintiff's car. It was headed in a northerly direction. Defendant's car left skid marks on the pavement which ex-

tended 24 feet back from the point of the collision. Plaintiff's car left no skid marks. Defendant's car at the time of the accident had a large "For Sale" sign painted on its windshield. The sign extended across the windshield from left to right and from top to bottom and the lines which formed the letters were about an inch wide. The facts as related so far are undisputed. There were no eye witnesses to the collision other than the parties and their testimony as to their own behavior and the acts of the other party prior to and up to the time of the accident is contradictory and completely irreconcilable.

According to plaintiff's version he saw the defendant's car for the first time when he was at a point 10 or 15 feet south of the intersection. At that time defendant's car was about 150 feet east of the intersection. He looked again to the right as he was entering the intersection and at that time defendant's car was 75 to 80 feet to the east. He proceeded without looking to the east again and the rear end of his car was struck at about the time its front end had reached the north line of the intersection. He was traveling at a speed of twenty miles an hour.

According to defendant, he first saw plaintiff's car when it was twenty feet south of the intersection. Both cars were traveling at a speed of 20 miles per hour. When defendant realized plaintiff was not going to yield the right of way he applied his brakes and had slowed down to ten miles per hour before striking plaintiff's car.

We think it clear that the testimony of neither party can be accepted as accurate. The effect of plaintiff's testimony is that defendant traveled the first 70 or 80 feet after he saw him while he was traveling 10 to 15 feet and the second 75 to 85 feet while he was traveling 26 feet. Since plaintiff was traveling at the rate of 20 miles an hour this would mean that defendant for the first 70 feet averaged over 100 miles per hour and for the next 85 feet to the point of collision averaged over 60 miles per hour. On the other hand the effect of defendant's testimony is that he saw the plaintiff, realized

that he was not going to yield the right of way and applied his brakes, all during the time he was traveling 2 or 3 feet at twenty miles an hour and then skidded his wheels for 24 feet and only succeeded in reducing his speed from 20 to 10 miles per hour. We think it clear that the observations of both parties were inaccurate or that their recollections were faulty.

■■ A motion for a new trial upon the ground of the insufficiency of the evidence is addressed to the sound discretion of the trial court and the granting of such a motion will not be disturbed upon appeal except for a manifest abuse of that discretion. Butler, v. Aetna Ins. Co. of Hartford, 64 N.D. 764, 256 N.W. 214; Durick v. Winters, 70 N.D. 592, 296 N.W. 744; McDermott v. Sway, 78 N.D. 521, 50 N.W.2d 235. In the consideration of such motions trial courts are not confined to a consideration of whether the verdict and judgment are supported by substantial evidence. "A margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight and credibility. Nor, in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderence of the evidence. Unrighteous verdicts sometimes are supported by apparently substantial evidence, and to meet such exceptional cases the presiding judge, who sees and hears the witnesses, is vested with a discretion to vacate such verdicts and order a new trial in furtherance of justice." Pengilly v. J. I. Case Threshing Mach. Co., 11 N.D. 249, 255, 91 N.W. 63, 66.

■■ Under the evidence in this case neither party was entitled to a verdict as a matter of law. If the two vehicles were approaching the intersection at approximately the same time the defendant had the right of way, unless he had forfeited it by driving at an excessive rate of speed. Section 39–1017 NDRC 1943. As has been pointed out the testimony of both parties is unsatisfactory in that it is implausible if not entirely incredible. Plaintiff, however, maintains that even if the testimony of the parties is entirely disregarded, the only inference that can be drawn from the position of the cars after the accident is that defendant was traveling at a "terrific rate of speed" when he struck plaintiff's car. On the other hand the pictures taken of defendant's car after the collision, show that the only damage it suffered was a crumpled left front fender. The glass in the headlights was not broken. The inference to be drawn from this damage is that defendant's car did not strike plaintiff's car with any great force. The evidence is confusing and in the circumstances we are satisfied that it was not an abuse of discretion for the trial court to grant a new trial.

The order of the district court granting a new trial is therefore affirmed.

MORRIS, SATHRE, JOHNSON and GRIMSON, JJ., concur.