**Valmer H. SUCHER, Plaintiff and Respondent,**

v.

**OLIVER–MERCER ELECTRIC, a Co-operative, Defendant and Appellant.**

**Civ. No. 8404.**

Supreme Court of North Dakota.

May 26, 1967.

Rehearing Denied June 21, 1967.

Orville A. Schulz, New Salem, and C. J. Schauss, Mandan, for plaintiff and respondent.

Wolf, Glaser & Milhollan, Bismarck, for defendant and appellant.

STRUTZ, Judge.

This is an appeal from an order of the district court setting aside the verdict of the jury for the defendant, and granting a new trial to the plaintiff. The pertinent facts are as follows:

The plaintiff is a retired farmer, living with his parents in New Salem. Prior to the day of the accident which resulted in the injuries for which he brings this action, Oliver County had graded a county road bordering on the south side of a tract of land owned by the plaintiff's father, which land was managed by the plaintiff.

A three-strand barbed-wire fence was located on this land, along the highway. The defendant's high-tension electric transmission lines were located just inside the fence and a few feet farther from the road than the fence.

In improving the road, mounds of soil had been left around each of the defendant's poles, which dirt had to be leveled off to even out the soil around the poles with the surrounding ground. The fence also had to be moved back, away from the road. A combined effort at performing this necessary work was arranged for between the County, the defendant, and the plaintiff. The plaintiff was to cut and move the barbed-wire fence; the defendant's employees were to lift the power poles and move them a short distance from where they had been located so as to allow the operator of the County equipment to smooth out the mounds of soil remaining around the power poles. After this was done, new holes were to be dug at the same location where each pole had stood, and the pole then was to be replaced.

In order to lift the power poles from their locations and permit the dirt around each to be smoothed out, the defendant's employees would attach the pole to certain equipment on one of the defendant's trucks; the pole then would be lifted about five feet in the air, then tilted or leaned with the top of the pole toward the road; the truck then would move away from the highway with the pole still attached. After the dirt around the old hole had been smoothed out, a new hole would be dug at the same spot where the pole had previously stood and the pole then would be replaced.

During all of these maneuvers in moving power poles, cutting and moving the fence, smoothing the ground, and replacing the power poles, the electric lines of the defendant remained energized. This was contrary to the North Dakota Industrial Safety Code adopted by the North Dakota Workmen's Compensation Bureau, which code provides that any electric lines which are to be moved more than six feet must be de-energized before they are moved. It is conceded that in each case the pole was moved more than six feet.

During the morning of the day of the accident, the plaintiff moved his fence while the employees of the defendant moved and replaced five power poles. The moving and replacing of these five poles was observed by the plaintiff and, in the beginning, he was quite cautious. However, everything went along without mishap. He had not been warned by the defendant's employees that there was any danger involved in the process.

At noon, the plaintiff ate his lunch at a nearby farm and, when he returned to the scene of activity, the employees of the defendant were working on the first pole to be moved in the afternoon. Plaintiff started cutting his fence, but had some difficulty in severing the third wire. He asked one of the employees of the defendant for a heavier cutter, but was told by the employee that he could not get it for him because, at the moment, he was otherwise employed. This employee saw the plaintiff trying to cut this last wire, but did not warn him to get away from the fence as the pole was being lifted and moved. While this pole was being moved, it somehow swung free from its attachment to the truck and fell, the energized wire striking the plaintiff while he was bent over cutting the strand of wire of his fence. At the time of such impact, the plaintiff was holding his hand on a steel fence post. He suffered a very severe electric shock, third-degree burns to his left shoulder, a broken left arm, and other severe and disabling injuries.

At the trial, the plaintiff did not deny knowing that the wires were energized and that it would be dangerous to come in contact with them. But he was not warned of any danger in the methods which were used by the defendant's employees in moving the poles, and observed the safe removal and replacement of five poles during

the forenoon. In the afternoon, the defendant's employees commenced moving a pole before the plaintiff arrived. The plaintiff resumed cutting his fence on his arrival and was engaged in cutting the last strand of his fence at the time of the accident.

On this record, the jury returned its verdict for the defendant, dismissing the plaintiff's cause of action. The plaintiff thereupon filed a timely motion for new trial, with specifications of errors of law and insufficiency of the evidence to support the verdict. This motion was granted by the trial court after certain amendments to the specifications of error and specifications of insufficiency of the evidence were made, as hereinafter mentioned. From the order so granting a new trial, the defendant has appealed to this court.

■ In considering a motion for new trial, the trial court must consider certain well-established rules of procedure. Among these rules is the one providing that a case once tried and concluded by a verdict of the jury should not be reopened and retried unless justice demands that this be done. Sullwold v. Hoger (N.D.), 110 N.W. 2d 457; Benzmiller v. Swanson (N.D.), 117 N.W.2d 281.

■ The motion for new trial was made under the provisions of Rule 59, North Dakota Rules of Civil Procedure, and Section 28–18–09, North Dakota Century Code. The latter section provides that a party making a motion for new trial from an adverse verdict of a jury shall serve, with his notice of motion, a concise statement of the errors of law of which he complains; and, if he claims that the evidence is insufficient to support the verdict of the jury, or that the evidence is of such a character that the verdict of the jury should be set aside as a matter of discretion, he shall so specify. Such specifications of insufficiency of the evidence must point out with particularity wherein the evidence is insufficient.

In his motion for a new trial, the specifications of the plaintiff in this case failed to point out in what respects the evidence was insufficient. On the day set for argument of this motion, the trial court pointed out to the plaintiff's attorneys that their specifications did not meet these essential requirements. The court then continued the hearing on the motion for new trial, so that these requirements could be complied with. In the meantime, and before the hearing on the continued motion, the plaintiff served a motion for leave to file amended specifications of error and amended specifications of insufficiency of the evidence, and in support of this amended motion attached a partial transcript thereto.

■ This court has held that where a motion for new trial is made, matters not specified in the motion for new trial are deemed waived. Morton v. Dakota Transfer & Storage Co., 78 N.D. 551, 50 N.W. 2d 505.

■ We have further held that a party making a motion for new trial must serve with his notice of motion a concise statement of the errors of law of which he complains; and, if he claims the evidence is insufficient to support the verdict or is of such character that the verdict should be set aside as a matter of discretion, he is required to so specify; and, if it is claimed that the evidence is insufficient to sustain the verdict, he must point out wherein it is insufficient. Mills v. Roggensack (N.D.), 92 N.W.2d 722.

These requirements are not mere technical obstacles in the path of the moving party seeking a new trial, but are practical methods of bringing the merits to the attention of the trial court and the appellate court, and of advising the opposing counsel of the exact grounds for the motion.

In the case before us, the specifications as served admittedly did not meet these requirements. Was it error for the trial

court to grant a continuance so that the requirements could be complied with?

■ We hold that where a motion for new trial is timely made and served, together with specifications of errors of law complained of and specifications of the insufficiency of the evidence, but where such specifications fail to set out with particularity the errors of law or to specify with particularity in what respect the evidence is insufficient to sustain the verdict, it is within the sound, judicial discretion of the trial court to grant a continuance to the moving party for the purpose of amending his specifications to comply with the law and the rules of procedure. Only in case of an obvious abuse of this discretion will the action of the trial court be reversed on appeal. We find no abuse of discretion in granting continuance in this case.

■ We next come to the issue raised on this appeal of whether the trial court abused its discretion in granting a new trial on the ground that the evidence is insufficient to show that the negligence of the plaintiff, if any, had proximately contributed to his own injuries. This court has held many times that the question of whether a new trial should be granted upon grounds of insufficiency of the evidence rests largely in the trial court's sound discretion. Any action which the trial court takes on such motion will not be disturbed by this court on appeal in the absence of a showing of abuse of such discretion. Krueger v. North American Creameries, 75 N.D. 264, 27 N.W.2d 240; Olson v. Thompson (N.D.), 74 N.W.2d 432; Hoffman v. Berger (N. D.), 76 N.W.2d 515; Hauff v. Keyes (N.D.), 83 N.W.2d 414; Otter Tail Power Co. v. Malme (N.D.), 92 N.W.2d 514; Long v. People's Department Store (N.D.), 95 N.W.2d 904; Vogel v. Bertsch (N.D.), 130 N.W.2d 220.

■ The discretion of the trial court in passing on such a motion is a legal discretion to be exercised in the interests of justice. Maier v. Holzer (N.D.), 123 N.W.

2d 29; Mann v. Policyholders' Nat. Life Ins. Co., 78 N.D. 724, 51 N.W.2d 853.

■ Before the trial court can exercise its discretion in deciding a motion for new trial on grounds of insufficiency of the evidence, there must be sufficient evidence in the record so that a decision could be made either way. McDermott v. Sway, 78 N.D. 521, 50 N.W.2d 235.

We have carefully reviewed the evidence in this case, and we cannot say that, as a matter of law, the defendant should have had the verdict. In other words, the evidence is such that a decision could have been made either way by the jury. The jury found for the defendant, dismissing the plaintiff's complaint. The trial court believed that the jury's verdict was based on the defense of contributory negligence on the part of the plaintiff. The defendant contends that the trial court had no justification for this conclusion, because it cannot be determined what the basis of the jury's decision was. Reading the record, however, it is obvious that the jury decided for the defendant either on the ground that the plaintiff was contributorily negligent or on the ground that the defendant was not negligent at all. We believe that the trial court's conclusion that the jury's verdict was based on contributory negligence of the plaintiff is justified, because just prior to the verdict the jury returned into court and asked that the instructions on contributory negligence be explained to it. The court, in the presence of counsel for both sides, reread the instructions that had been given on this matter. The jury then returned to continue its deliberations and, within a very short time, brought in its verdict for the defendant.

■ In passing on this motion, certain legal principles must be kept in mind. We have often held that the questions of negligence, contributory negligence, and proximate cause are questions of fact for the jury unless the evidence is such that reasonable men can draw but one conclusion

therefrom, when they become questions of law. Armstrong v. McDonald, 72 N.D. 28, 4 N.W.2d 191; Leonard v. North Dakota Co-op. Wool Market. Ass'n, 72 N.D. 310, 6 N.W.2d 576; Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11; Huus v. Ringo, 76 N.D. 763, 39 N.W.2d 505; Stadick v. Olson's Hardware (N.D.), 64 N.W.2d 362; Mondy v. Gjesdal (N.D.), 123 N.W.2d 33; Wisnewski v. Oster (N.D.), 110 N.W.2d 283.

The trial court found that the evidence was insufficient to sustain the verdict for the defendant as a matter of law. Thus the evidence was such that the decision of the jury on the questions of negligence, contributory negligence, and proximate cause could have been made either way.

In passing on the motion, the court, in its memorandum opinion, pointed out that the plaintiff had not been warned of any danger in the moving of the power poles by the defendant's employees. The record clearly shows that the defendant's own employees felt that the method employed for moving these poles was perfectly safe, and that they therefore did not warn the plaintiff. The plaintiff had been present throughout the forenoon when five of these poles were moved and relocated, and nothing had happened which should have put the plaintiff on notice of danger.

The theory of the defendant seems to be that the plaintiff was working in a position where he, as a reasonable man of ordinary intelligence, should have known that there was danger. But we cannot concur in this conclusion. The plaintiff had been present while five poles had been moved; nothing unusual had occurred; the defendant's employees themselves felt that the procedure which they were following was absolutely safe, even though it violated the North Dakota Safety Code adopted by the North Dakota Workmen's Compensation Bureau. There is no reason why the plaintiff, a farmer, should have felt that these men who worked with power lines continually did not know their business, and that he

thus should be charged with contributory negligence as a matter of law.

From the record, it is safe to assume that the plaintiff did know that the wires were energized, although no one had told him of that fact nor warned him of any danger. But, if the defendant's employees, who handled this type of work daily, felt that there was no danger in the work being done and the method by which it was done, why should the plaintiff, who was unaccustomed to working with electric lines, be held to be contributorily negligent as a matter of law and required to anticipate a danger which those who dealt with this type of work constantly testified did not exist?

■ Viewing the entire record, we conclude that the evidence was such that the verdict of the jury could have gone either way on the question of contributory negligence. Since that is true, it is a proper case for the exercise of the trial court's discretion. This court will not disturb the ruling of the trial court on the motion for new trial under such circumstances.

■ The defendant also contends that it is being deprived of its right to a trial by jury by the trial court's order granting a new trial and reversing the jury's verdict in this case. This contention obviously is without merit. If every finding of a jury were to be final and not subject to being set aside by the trial court on motion or by this court on appeal, on the ground that to reverse the decision of the jury would be depriving the prevailing party of his right to a trial by jury, there would be no such thing as an appeal from a judgment entered on a jury's verdict. We have often reversed juries where the evidence was insufficient to support their verdicts.

For reasons stated in this opinion, the order granting a new trial is affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.

On Petition for Rehearing.

STRUTZ, Judge.

The defendant has filed a strong and forceful petition for rehearing, basing such petition on two grounds:

1. That this court erred in holding that the district court has discretion to set aside a jury verdict where the evidence is such that the jury would have been justified in returning a verdict for either party; and

2. That the opinion of this court is contradictory in stating that the evidence was such that the jury could have returned a verdict for either party, and at the same time holding that the trial court was justified in ruling that the evidence was insufficient to support the verdict.

■ It must be obvious that the defendant's contentions are without merit. If the evidence were such that the jury could find but one way, then the party in whose favor the evidence was conclusive would be entitled to judgment as a matter of law. As this court pointed out in McDermott v. Sway, 78 N.D. 521, 50 N.W.2d 235, a motion for new trial on the ground of insufficiency of the evidence is addressed to the sound, judicial discretion of the trial court. It is his duty to exercise this discretion in the interests of justice. To do that, however, there must be some grounds for the exercise of the court's discretion. If the evidence is such that it can support a judgment only one way, there clearly is no ground for the exercise of any discretion. If, however, there is evidence which would permit the jury to decide either way, then there would be room for the court to exercise his discretion.

■ Judge Christianson, in the earlier case of Reid v. Ehr, 36 N.D. 552, at page 558, 162 N.W. 903, considered the same question. He pointed out that it should be remembered that it is the trial court, not the appellate court, which is vested with discretionary powers in determining a motion for new trial. The appellate court is limited to a consideration of whether the trial court clearly abused its discretion in ordering a new trial. The question presented to the appellate court is not whether a new trial should be granted or denied, but whether the trial court abused its judicial discretion in ordering a new trial. The test of what is within the discretion of a court has been suggested by the question: May the court properly decide the point either way? If not, then there clearly is no discretion to be exercised. If there is no latitude for the exercise of the power, it cannot be said that the power is discretionary. The only limitation upon the exercise of the discretionary power by the trial court in passing upon a motion for new trial is that such discretionary power must not be abused.

In determining the question presented on the appeal from the order granting the new trial and on this petition for rehearing, we must remember the position of advantage which the trial court had. He saw the plaintiff and heard his story; he also saw all of the witnesses and heard their versions of what occurred. All of these things place him in a favored position in passing upon the motion for new trial on the ground of insufficiency of the evidence. The trial court, in the exercise of his sound, judicial discretion, and in the interests of justice, determined that a new trial should be granted in this case. We, as the appellate court, cannot say on the record before us that the trial court abused that discretion. From the record, the jury could properly have decided this case either way. Therefore, it was proper for the trial court to exercise his discretion. We cannot say that he abused that discretion.

For reasons stated herein, the petition for rehearing is denied.

TEIGEN, C. J., and ERICKSTAD, KNUDSON, and PAULSON, JJ., concur.